**FILED**
**NOVEMBER 16, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07 C 6518**

**JUDGE GUZMAN**
**MAGISTRATE JUDGE VALDEZ**

LI

Christopher I. Cedillo (Illinois Bar No. 6274683)
    ccedillo@ssd.com
Squire, Sanders & Dempsey LLP
Three First National Plaza
70 W. Madison, Suite 2015
Chicago, IL 60602
Telephone:  (312) 781-1123

Brian A. Cabianca (Arizona Bar No.016410) (*pro hac vice* to be filed)
    bcabianca@ssd.com
Teresita T. Mercado (Arizona Bar No. 020578) (*pro hac vice* to be filed)
    tmercado@ssd.com
Squire, Sanders & Dempsey LLP
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004-4498
Telephone:  (602) 528-4000
Facsimile:   (602) 253-8129

Attorneys for Plaintiffs TS Production LLC and TS Merchandising Ltd.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiffs TS Merchandising Ltd and TS Production LLC, for their complaint against defendants Dan and Loretta Hollings and Web Services LLC, allege as follows:

**THE PARTIES**

1. Plaintiff TS Merchandising Ltd ("TS Merchandising") is a British Virgin Islands corporation with its principal place of business in Chicago, Illinois.

2. Plaintiff TS Production LLC ("TS Production") is a Hungarian limited liability corporation that does business in Illinois.

3. Defendant Dan Hollings ("Hollings") is an Arizona resident. At all times material hereto, Hollings, who is married to defendant Loretta Hollings, was acting on behalf of their marital community.

4. Defendant Loretta Hollings is an Arizona resident and is a named defendant only to the extent that she has an interest in the marital community.

5. Defendant Web Services, LLC ("Web Services") is an Arizona limited liability company whose sole member is Hollings.

**JURISDICTION AND VENUE**

6. TS Production holds the intellectual property rights for *The Secret*, which is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print. TS Production has an operating subsidiary, Prime Time US Inc. ("Prime Time") that conducts U.S.-based business operations relating to *The Secret* out of Chicago, Illinois and has employees located in Chicago, Illinois.

7. TS Merchandising operates *The Secret* website out of its principal place of business in Chicago, Illinois. Hollings was engaged to perform website consulting services for *The Secret* website in or around September 2005 through February 2007.

8. In the course of his 17-month engagement, Hollings continuously interacted and communicated with TS Merchandising and Prime Time employees located in Chicago, Illinois to discuss *The Secret* website and related issues. For example, Hollings traveled to Chicago, Illinois in December 2006 to meet with TS Merchandising and Prime Time employees to discuss website operations. Hollings also frequently participated in telephone and e-mail communications with TS Merchandising and Prime Time representatives located in Chicago, Illinois.

9.      Hollings also sent invoices for his work on *The Secret* website to TS Merchandising in Chicago, Illinois, and he received compensation from funds transferred from bank accounts located in Chicago, Illinois.

10.     A substantial part of the acts and events giving rise to the claims set forth herein took place fully, or in substantial part, in Chicago, Illinois.

11.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### *The Secret*

12.     *The Secret* is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print. *The Secret* explains with simplicity the philosophy of the law that governs all lives and offers the knowledge of how to create a joyful life.

13.     TS Production holds the intellectual property rights to *The Secret* book and movie, including trademark rights and copyrights. TS Production has invested extensively in promoting the marks for *The Secret* and protects its investment.

14.     TS Production holds U.S Copyright Registrations for *The Secret* original and extended edition films, book, audio CD and www.thesecret.tv website.

15.     TS Production is the owner of U.S. Trademark Registration No. 3,312,874, Australian Trademark Registration No. 1067375, and International Trademark Registration No. 900573 for, and has common law rights in, the text mark for *The Secret*.

16.     TS Production is also the owner of U.S. Trademark Application No. 79/032, Australian Trademark Registration No. 1079591, and International Trademark Registration No. 908662 for, and has common law rights in, the logo mark for *The Secret*.

17.     TS Production also has trademark applications pending under the Madrid Protocol in Brazil, Argentina, Canada, Mexico, Israel, South Africa, and Taiwan, and has received Certificates of Registration under the Madrid Protocol for *The Secret* text mark and logo mark in China, the European Community, Norway, and Switzerland.

**Dan Hollings' Engagement and Marketing Role with *The Secret*.**

18. In or around September 2005, Hollings was engaged to perform website management services for *The Secret*. TS Merchandising operates *The Secret* website and paid for Hollings' services.

19. Prior to his engagement, Hollings had no previous knowledge of or involvement with the philosophy set forth in *The Secret*, called the Law of Attraction, and his knowledge of the philosophy and *The Secret* is based solely through his engagement by TS Merchandising.

20. Before Hollings was even engaged, *The Secret's* marketing campaign strategy had already been created by a team of professionals.

21. Much of the tremendous success of *The Secret* resulted from appearances on national programs such as "Larry King Live" in November 2006, "The Ellen Degeneres Show" in December 2006, and "The Oprah Winfrey Show" in February 2007.

22. Hollings did not participate in any non-website-based marketing for *The Secret*. His role was limited to a website project manager, retained to assist with website development and search engine optimization.

**Hollings Begins to Surreptitiously Profit From *The Secret*.**

***Hollings Receives Undisclosed Vendor Commissions Since March 2006.***

23. As part of his engagement, Hollings was responsible for identifying vendor services relating to *The Secret* website and providing vendor recommendations to TS Merchandising. In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty and due care that an agent owes to its principal.

24. Upon information and belief, Hollings negotiated and received an undisclosed 5% side-commission from a vendor that he recommended to TS Merchandising. Upon information and belief, this commission was a referral fee for procuring TS Merchandising as a customer for the vendor and is based on the amounts paid by TS Merchandising to the vendor.

25. Upon information and belief, Hollings has received at least $42,304.18 in undisclosed vendor payments from March to October 2006 and January to February 2007, and Hollings continues to receive side-payments from this vendor.

26. Hollings' focus on himself at the expense of *The Secret* and his failure to disclose his side efforts related to *The Secret* is not in line with – and therefore working against – the philosophy of *The Secret*.

### *Hollings Markets His Products As Affiliated With* **The Secret.**

27. Sometime in or around December 2006 – and after he had been pushing TS to enter into an agreement with Amazon.com to sell *The Secret* products online – Hollings independently released at least two CDs on Amazon.com that were titled "The Secret Symphony" and "Journey to The Secret: Stone, Strings & Udu." Hollings' products were immediately bundled, upon information and belief, at Hollings' request, with *The Secret* DVD.

28. Upon information and belief, Hollings also personally wrote a "review" for "The Secret Symphony," calling it the "Secret Combination-set." Based on the information to which he had access in the course of his engagement, Hollings was aware that the soundtrack from *The Secret* movie was not then being released.

29. Hollings is experienced in Internet search optimization and has knowledge of search engine tagging methods to bring up his products in a search for *The Secret* on the Internet and, in particular, on Amazon.com.

30. Although Hollings has agreed to change the titles of his CD products and to delete references to *The Secret* pertaining to the products, these and other references related to *The Secret* remain to this day and appear when conducting searches on the Internet.

31. Upon information and belief, Hollings is still taking active steps to continue to create this confusion.

### **Hollings Seeks to Capitalize on** *The Secret* **Trademarks.**

32. As part of his engagement, Hollings was responsible for registering, obtaining and monitoring domain names, URLs and/or website addresses related to *The Secret*. In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty and due care that an agent owes to its principal.

33. Upon information and belief, Hollings began to collect such URLs, domain names and website addresses relating to *The Secret* for his own personal use, seeking to capitalize on

the fame of *The Secret* trademarks and the goodwill associated therewith.  For example, Hollings registered the domain name know-more-secrets.com on or about March 4, 2007.

34. Upon information and belief Hollings owns, possesses and/or controls other websites relating to *The Secret*, either in his own name or that of his company, Web Services.

**Hollings Inflates His Role with *The Secret*.**

35. Sometime in February 2007, TS Merchandising and TS Production discovered that Hollings had affiliated himself with a Law of Attraction event, marketing himself as the "sole strategist" behind *The Secret*.

36. Hollings has marketed, and is continuing to market, himself throughout the Internet as: the "*founder,*" "*sole internet marketing strategist and web consultant,*" "*marketing strategist and developer,*" and "*mastermind who planned and implemented the record shattering online marketing campaign*" of *The Secret*.

37. Hollings has also created a website with deceptively similarly marks as *The Secret* and provides a link to purchase *The Secret* on Amazon.com.  A true and correct printout of the home page of know-more-secrets.com is attached hereto as **Exhibit A.**

38. Hollings' conduct has damaged *The Secret*, TS Merchandising, TS Production irreparably and in an amount to be determined at trial, but exceeding the jurisdictional minimum amount of this Court for diversity jurisdiction.

**Hollings Demands Further Compensation.**

39. Hollings' engagement was terminated as of February 28, 2007.

40. From October 2005 through February 2007, Hollings was paid $8,000 per month, as well as a $50,000 advance in October 2006, and a holiday bonus of $8,000, for a total of $194,000 for 17 months of service.

41. Since his termination, Hollings has demanded further compensation for his website management services, based on an alleged compensation agreement with TS Merchandising.

# FIRST CLAIM FOR RELIEF

## Trademark Infringement
### (15 U.S.C. § 1114)

42. TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if fully set forth herein.

43. TS Production owns International Trademark Registrations for *The Secret*.

44. Registration for such marks is incontestable in accordance with the provisions of 15 U.S.C. § 1065. It is conclusive proof of: (a) the validity of the marks; (b) TS Production's ownership of the marks; and (c) TS Productions exclusive right to use the marks throughout the United States.

45. Hollings and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, are likely to cause confusion, mistake or deception as to the source of the websites' services and/or affiliation with *The Secret*, and thereby constitute trademark infringement in violation of § 43 of the United States Trademark Act of 1946, as amended, 15 U.S.C. §1114 *et. seq.*

46. The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, for which there is no adequate remedy at law.

47. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Production and TS Merchandising have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Production and TS Merchandising are entitled to recover such damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**Unfair Competition, False Designation of Origin, False Advertising and Descriptions (15 U.S.C. § 1125(a))**

48.     TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if fully set forth herein.

49.     Hollings' and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names, and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, constitute unfair competition, false designation of origin, false advertising, or misleading descriptions of fact that wrongly and falsely designate the services and/or products sold by Hollings as originating with, or as being sponsored by, approved of, or otherwise connected with *The Secret*, which deception has or will likely influence consumer purchasing decisions, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

51.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**Common Law Unfair Competition**

52.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

53. Hollings' and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names, and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, constitute unfair competition under the common law of various states, including Illinois and Arizona.

54. The aforesaid willful actions of Hollings and, upon information and belief, Web Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

55. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

56. TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

57. Hollings and, upon information and belief, Web Services, by wrongfully using *The Secret*'s family of trademarks in commerce, is tarnishing, blurring, diluting and disparaging *The Secret*'s reputation, goodwill and trademarks in local, interstate and international commerce.

58. Hollings' and, upon information and belief, Web Services' acts are likely to deprive TS Production of the benefits attached to *The Secret* family of trademarks, injure *The Secret*'s business reputation and dilute the distinctive quality of *The Secret*'s well-known

1 trademarks in violation of Section 43(c) of the United States Trademark Act of 1946, as
2 amended, 15 U.S.C. § 1125(c).

3   59.   The aforesaid willful actions of Hollings and, upon information and belief, Web
4 Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury
5 to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret*
6 products, for which there is no adequate remedy at law.

7   60.   In addition to the irreparable injury described herein, as a direct and proximate
8 result of the conduct described herein, TS Production has sustained, and will continue to sustain,
9 actual and/or consequential damages which exceed the jurisdictional minimum amount of the
10 Court for diversity jurisdiction, and for which TS Production is entitled to recover such damages
11 in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

15   61.   TS Merchandising and TS Production reallege and incorporate by reference the
16 allegations above as if fully set forth herein.

17   62.   Hollings' and, upon information and belief, Web Services' bad-faith registration
18 of URLs, domain names and website addresses, which are at a minimum confusingly similar to
19 *The Secret*'s registered and common law trademarks, in addition to the unauthorized use of *The*
20 *Secret*'s family of trademarks on various websites owned, controlled, possessed and/or registered
21 by defendants, constitute violations of the Anticybersquatting Consumer Protection Act.

22   63.   The aforesaid willful actions of Hollings and, upon information and belief, Web
23 Services have caused and, unless enjoined, will continue to cause damage and irreparable injury
24 to *The Secret*, for which there is no adequate remedy at law.

25   64.   In addition to the irreparable injury described herein, as a direct and proximate
26 result of the conduct described herein, TS Merchandising and TS Production have sustained, and
27 will continue to sustain, actual and/or consequential damages which exceed the jurisdictional

minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

65. TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

66. A fiduciary relationship existed between Hollings and TS Merchandising based on Hollings' status as a consultant for *The Secret* website, in which capacity he often acted as an agent for TS Merchandising.

67. As a fiduciary, Hollings owes TS Merchandising a fiduciary duty of loyalty and fiduciary duty of care to act in the best interests of the company.

68. Hollings breached his duties to TS Merchandising by, among other things, the acts described above, including, but not limited to, his negotiation and receipt of an undisclosed 5% commission from a vendor of TS Merchandising that was recommended by Hollings.

69. The wrongful acts described above have proximately injured and impaired, and continue to proximately injure and impair, TS Merchandising.

70. As a direct and proximate result of Hollings' various breaches of his fiduciary duties, TS Merchandising sustained, and continues to sustain, immediate and irreparable harm and injury including, but not limited to, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity and/or expectancy.

71. There is a substantial risk that Hollings will continue to irreparably injure TS Merchandising, for which TS Merchandising has no adequate remedy at law, unless he is enjoined therefrom.

72. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising has sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount

of the Court for diversity jurisdiction, and for which TS Merchandising is entitled to recover such damages in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF

**Declaratory Relief**

73. TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

74. There exists a justiciable dispute concerning the rights and obligations of Hollings to further compensation from TS Merchandising for his work on *The Secret* website from October 2005 through February 2007.

75. In taking his positions and other actions, Hollings is interfering with the operations of *The Secret*.

76. Pursuant to Fed. R. Civ. P. 57, TS Merchandising seeks a declaration from this Court that: (i) TS Merchandising fully and adequately compensated Hollings in the amount of $194,000 for the value of his services through February 2007; and (ii) Hollings is entitled to no further compensation based on any obligation, contractual or otherwise, for any and all services that he performed for *The Secret* during his engagement.

**WHEREFORE**, TS Production LLC and TS Merchandising Ltd. request that judgment be entered in their favor, and against defendants, as follows:

A. That defendants be ordered to transfer any and all registrations for domain names, URLs and/or website addresses to TS Merchandising;

B. That defendants be directed to account and pay to TS Merchandising and TS Production all damages suffered by each of them as a result of the wrongful conduct described herein, including violations of the Lanham Act, Trademark Act, Anticybersquatting Protection Act, state statutes and common law, as well as to account for all gains, profits and advantages derived by any such wrongful conduct;

C. That such damages caused by defendants be trebled in accordance with 15 U.S.C. § 1117 because their infringement of *The Secret* marks is intentional, willful, and malicious, and

1  therefore warrants enhanced damages and/or punitive damages as the Court may find
2  appropriate;
3       D.    For an order preliminarily and permanently enjoining defendants from the
4  unlawful conduct complained of herein, or, in the alternative, for damages in an amount to be
5  proven at trial;
6       E.    For an award of all of plaintiffs' costs and expenses incurred in connection with
7  the action, including all reasonable attorneys' fees, pursuant to the federal and state statutory
8  authority identified herein;
9       F.    For pre-judgment and post-judgment interest at the maximum rate allowed by
10 law; and
11      G.    For such other relief as may be deemed appropriate by the Court.
12 **RESPECTFULLY SUBMITTED** this 16th day of November, 2007.

          /s/ Christopher I. Cedillo
          Christopher I. Cedillo
          Squire, Sanders & Dempsey LLP
          70 W. Madison, Suite 2015
          Chicago, IL 60602
          -and-
          Brian A. Cabianca (*pro hac vice* to be filed)
          Teresita T. Mercado (*pro hac vice* to be filed)
          Squire, Sanders & Dempsey L.L.P.
          40 North Central Avenue, Suite 2700
          Phoenix, Arizona  85004-4498

          *Attorneys for Plaintiffs TS Production LLC and TS Merchandising Ltd.*