IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No. 07 C 6518<br><br>(Assigned to the Hon. Ronald A. Guzman)<br><br>Initial Status Hearing Date: February 11, 2008<br>Initial Status Hearing Time: 9:30am |

**JOINT AGREED MOTION TO VACATE FEBRUARY 11, 2008 STATUS AND TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS'
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Defendants, Dan Hollings, Loretta Hollings, and WebServices, LLC (collectively, the "Defendants"), by and through their attorneys and by way of special appearance without waiving any defenses relating to jurisdiction, and Plaintiffs, TS Merchandising Ltd. and TS Production LLC (collectively, the "Plaintiffs"), by and through their attorneys, respectfully move this Court for the entry of an Order pursuant to Fed. R. Civ. Proc. 26(c) staying all discovery on the merits of this matter until such time as Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss") is resolved.

The parties further request, in light of this motion, that the status conference scheduled before the Court for February 11, 2008 be vacated and reset to a date at least 30 days after the Court has ruled on Defendants' Motion to Dismiss. In support of this motion, the parties state as follows:

1. Defendants' Motion to Dismiss was filed on February 6, 2008. The Motion to Dismiss asserts than none of the Defendants are subject to personal jurisdiction in this district.

2. Pursuant to Fed. R. Civ. Proc. 26(c) and Local Rule 37.2, undersigned counsel certifies that on February 6, 2008, counsel for the parties agreed to stay discovery on the merits of this matter until such time as the Motion to Dismiss is resolved. This agreement to stay discovery on the merits does not affect the right to proceed with discovery, if any, related to the issue of jurisdiction.

3. Undersigned counsel further agreed to jointly request that the status conference now scheduled for February 11, 2008 be vacated and reset to a date at least thirty (30) days after the Court has ruled upon the Motion to Dismiss.

4. Pursuant to Fed. R. Civ. Proc. 26(c), this Court has the discretion to stay discovery on the merits of this matter for good cause in order to protect that party seeking the stay from undue burden or expense. In the context of motions to dismiss challenging the jurisdiction of a district court, district courts have exercised their discretion under Fed. R. Civ. Proc. 26(c) by staying discovery, or limiting discovery solely to jurisdictional facts, until the motion to dismiss is resolved. *See, e.g., Cannon v. United Ins. Co. of America*, 352 F. Supp. 1212, 1214-15 (D. S.C. 1973) (stating, "this court should not order extended discovery when jurisdiction is doubtful, for the obvious reason that the court might not have the authority to order or direct any further proceedings.") (internal parentheses removed); *Lantz Int'l Corp. v. Industria Termotecnica Campana*, 358 F. Supp. 510, 516 (E.D. Pa. 1973); 8 C. Wright, A. Miller and R. Marcus, *Federal Practice and Procedure: Civil 2d* § 2040, n. 7 (1994 and 2007 Supp.).

5. Here, good cause exists to stay discovery on the merits of this matter pending the resolution of the Motion to Dismiss, which challenges the jurisdiction of the court.

6.　　Moreover, staying discovery on the merits of this case will not unduly prejudice the Plaintiffs, which have agreed to this requested stay. Both the Plaintiffs and the Defendants will be subject to the discovery stay, and thus neither will gain an unfair advantage over the other. Moreover, assuming that a typical briefing schedule is entered on the Motion to Dismiss – 28 days for the Plaintiffs to respond, and 14 days for the Defendants to reply – the Motion to Dismiss will be expeditiously resolved. Consequently, there will be no excessive delay in commencing with discovery in the event the Motion to Dismiss is denied. The parties agree that any needed discovery relating to the jurisdictional defenses presented in the Motion to Dismiss will not be affected by this stay.

WHEREFORE, for all of the foregoing reasons, the parties respectfully request that this Court enter an Order staying all discovery on the merits of this matter until such time as the Motion to Dismiss is resolved. The parties further request that the status conference scheduled for February 11, 2008 be vacated and rescheduled to a date at least thirty (30) days following the Court's ruling on Defendants' motion to dismiss.

Dated: February 6, 2008

Respectfully submitted,

| ___/s/ Brian A. Cabianca___ | ___/s/ Robert B. Groholski___ |
|---|---|
| Brian A. Cabianca | Christopher E. Parker (*pro hac vice* filed) |
| Teresita T. Mercado | Jessica B. Couch (*pro hac vice* filed) |
| Christopher I. Cedillo | Mozley, Finlayson & Loggins LLP |
| Squire, Sanders & Dempsey L.L.P. | One Premier Plaza, Suite 900 |
| 40 North Central Avenue, Suite 2700 | 5605 Glenridge Drive |
| Phoenix, Arizona 85004-4498 | Atlanta, Georgia 30342 |
| -and- | -and- |
| Jessica E. DeMonte | Robert B. Groholski |
| Squire, Sanders & Dempsey, LLP | Illinois State Bar No. 6272317 |
| Three First National Plaza | Schwartz Cooper Chartered |
| 70 W. Madison, Suite 2015 | 180 North LaSalle Street, Suite 2700 |
| Chicago, IL 60602 | Chicago, IL 60601 |
| *Attorneys for TS Merchandising Ltd. and TS Production LLC* | *Attorneys for Dan and Loretta Hollings and Web Services LLC* |