IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No.  07 C 6518<br><br>**MOTION TO COMPEL DEPOSITION OF RHONDA BYRNE AND MEMORANDUM OF LAW**<br><br>(Assigned to the Hon. Ronald A. Guzman) |

COME NOW Dan and Loretta Hollings, and Web Services, LLC, by way of special appearance without waiving any defenses relating to jurisdiction, through their counsel of record, and file their Motion to Compel the Deposition of Rhonda Byrne, respectfully showing the Court as follows:

I.     STATEMENT OF FACTS

The instant action has been filed against three nonresidents of this judicial district, none of whom have sufficient contacts with the State of Illinois to confer personal jurisdiction herein.  Defendants previously filed their motion to dismiss for lack of jurisdiction with the Court and simultaneously requested an order staying discovery pending the outcome of Defendants' Motion.  The Court entered an order staying discovery and providing that "Discovery is to continue as to jurisdictional issues only".

Following receipt of the Court's order, at Plaintiffs' request, Defendants Hollings and Loretta Hollings were produced for their depositions in Tucson, Arizona on March 12, 2008.  During the course of Mr. Hollings' deposition he was

1

questioned at length regarding his work on The Secret's website, the terms of his alleged arrangement with The Secret, and his resulting communications with Bob Rainone at his Chicago office.

On March 14, 2008, counsel for the Defendants, Christopher Parker, sent a letter to counsel for Plaintiffs, Christopher Cedillo, requesting available dates and an appropriate location for the deposition of Ms. Rhonda Byrne[1]. The letter was sent by U.S. Mail and facsimile. Ms. Byrne is the owner and author of The Secret. As stated in Mr. Hollings Affidavit, filed in conjunction with Defendants' Motion to Dismiss, all of the negotiations and agreements surrounding the work that Mr. Hollings performed on The Secret website were between Mr. Hollings and Rhonda Byrne as well as her company Prime Time Productions. It is believed that Ms. Byrnes was domiciled in Australia and Los Angeles, California at all relevant times to this litigation. Further, it was Ms. Byrne who later retained the services of Mr. Rainone and it was only due to Ms. Byrne's instructions that Mr. Hollings was required to participate in emails, telephone calls with Mr. Rainone and to direct subsequent invoices to Illinois. Such invoices were sent electronically.

On March 18, 2008, after not receiving a response from Plaintiffs to Defendants' request, Defendants' counsel sent a <u>renewed</u> request for available dates and locations for Ms. Byrne's deposition.

Mr. Cedillo responded by letter dated March 18, 2008 and refused Defendants' request for Ms. Byrne's deposition. Within the letter, counsel for Plaintiffs states incorrectly and without basis that the Court's order allowing for discovery on jurisdictional issues was limited <u>only to Plaintiffs</u> and that Defendants have no such right to discovery. Plaintiffs' letter further concludes that "Ms.

---

[1] Mr. Cedillo's firm has previously informed counsel for Defendants that they represent Ms. Byrne.

2

Byrne can offer no testimony that might diminish the sufficiency of those contacts already acknowledged in Mr. and Mrs. Hollings' depositions last week."

In an effort to resolve this dispute without the Court's intervention, on March 19, 2008, Defendants responded to Plaintiffs pointing out that the Court's order does not limit discovery solely to Plaintiffs. Defendants also have a right to conduct discovery on jurisdictional issues so as to have the opportunity to rebut any forthcoming response to Defendants' Motion to Dismiss. Defendants further clarified that the purpose of the requested deposition is to examine Ms. Byrne regarding the limited context of Mr. Hollings' contacts with Illinois and, specifically, to demonstrate the insignificance of Mr. Hollings' contacts with Illinois in consideration of the totality of the negotiations and ongoing agreement between Mr. Hollings and Ms. Byrne.

On March 19, 2008, Plaintiffs again refused Defendants' request to depose Ms. Byrne stating, "Your clients motion included supporting evidence. Now my clients have the burden to demonstrate that the defendants' contacts with Illinois are sufficient to confer jurisdiction. The response has nothing to do with Ms. Byrne. It has everything to do with your clients and their Illinois contacts, which do not include Ms. Byrne. The response will not mention her; it will not rely on her testimony."

Copies of the aforementioned correspondence are attached to the Certificate of Good Faith Effort to Resolve Discovery Dispute, filed contemporaneously herewith. Based upon the lack of cooperation from Plaintiffs in their continued refusal to produce Ms. Byrne for her deposition on jurisdictional issues, Defendants now have no choice but to seek intervention from the Court and an order clarifying that the right to engage in discovery on jurisdictional issues is not a unilateral right conferred solely on Plaintiffs and further compelling Defendants

to produce Ms. Byrne for her deposition. Defendants further seek their costs and fees incurred in conjunction with this motion.

II. ARGUMENT AND AUTHORITY

    a. <u>Defendants are entitled to take the deposition of Rhonda Byrne because she has information directly relevant to the Defendants' jurisdictional defenses.</u>

The range for permissible discovery is incredibly broad. In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .." Fed. R. Civ. P. 26(b)(1). "In ruling on motions to compel discovery, 'courts have consistently adopted a liberal interpretation of the discovery rules.'" *Sabratek Liquidating L.L.C.* v. KPMG LLP, 2002 U.S. Dist. LEXIS 21858 (D. Ill. 2002 *Meyer v. Southern Pac. Lines*, 199 F.R.D. 610, (N.D. Ill. March 26, 2001) (quoting Wilstein v. *San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 375 (N.D. Ill. 1999)). The burden rests upon the objecting party to show why a particular discovery request is improper. *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996). *Sabratek Liquidating L.L.C.*, 2002 U.S. Dist. LEXIS 21858. Furthermore, the broad language of Federal Rule of Civil Procedure 30 provides "A party may, by oral questions, <u>depose any person</u>, including any party, without leave of court except as provided in Rule 30(a)(2)". Fed. R. Civ. Pro. 30(a)(1)(emphasis added).

It is difficult to ascertain what legitimate basis, if any, Plaintiffs have for refusing to produce Ms. Byrne for her deposition. First, Plaintiffs contend that the Court's order allows only for Plaintiffs to conduct discovery on jurisdictional issues and not the Defendants. Even a cursory review of the Court's order reveals that this contention is baseless. Despite the fact that this has been pointed out to Plaintiffs' counsel, they have refused to waiver from their position.

Further, it is uncontested that Ms. Byrne has information directly relevant to Defendants' jurisdictional defenses.[2] As discussed in Defendants' memorandum of law in support of their motion to dismiss, a determination of whether or not this court has jurisdiction over the Defendants is going to hinge on the nature and sufficiency of Defendants' individual contacts with Illinois. More specifically, the Court must determine whether each "defendant purposefully availed itself of the privilege of conducting activities within the forum state." ***Purdue Research Found. v. Sanofi-Synthelabo, S.A.***, 338 F.3d 773, 780 (7th Cir. 2003)(citing ***World-Wide Volkswagen,*** 444 U.S. at 292, and ***International Shoe***, 326 U.S. at 316-17). ***Griffith v. Wood Bros.***, 2004 U.S. Dist. LEXIS 21606 (D. Ill. 2004). In assessing whether certain contacts are sufficient to confer jurisdiction, courts have repeatedly considered the nature of the contacts in relation to the claim and whether the contact was initiated by the purposeful direction of the defendant or some other entity.

Rhonda Byrne is the author of The Secret. As shown by the Affidavit of Mr. Hollings, the negotiations surrounding his work on The Secret's website occurred between Mr. Hollings and Ms. Byrne. Further, it was Ms. Byrne's subsequent and unilateral decision to retain Bob Rainone and set up an office for The Secret in Illinois. As a result of Ms. Byrne's instructions and directions, Mr. Hollings simply submitted his invoices by email to Illinois and conversed with Mr. Rainone by telephone and email, whether Mr. Rainone was located in Illinois, or anywhere else.

---

[2] Notably, Plaintiffs have not argued that Ms. Byrne does not have information relevant to these jurisdictional issues. Rather, they have only argued that she does not have information which will be included in their own response.

During the depositions conducted by the Plaintiffs, Mr. Hollings was repeatedly questioned about his correspondence related to his work on the website. Ms. Byrne has knowledge and information directly relevant to these issues. In fact, she is the <u>only</u> person other than Mr. Hollings who can provide testimony reflecting the creation of the relationship between herself, her company Prime Time Products[3], and Mr. Hollings because Mr. Ranoine was not a party to those contacts. Further, Ms. Byrne has knowledge directly relating to whether Mr. Hollings' alleged contacts with Illinois were by means of <u>his</u> "purposeful availment" or, rather, were pursuant to instructions from Ms. Byrne and her later arrangement with Mr. Rainone. The nature of these limited contacts is clearly relevant to an analysis of "purposeful availment".

Plaintiffs' refusal to produce Ms. Byrne is baseless and in bad faith. Plaintiffs' contention that the Court's order only allows for Plaintiffs to conduct discovery is incorrect as shown by the Court's order. Further, it is clear that Ms. Byrne has knowledge which is directly relevant to Defendants' jurisdictional defenses as she was the person directly involved in much of Mr. Hollings' communications and correspondence preceding and relating to his work on The Secret website AND has knowledge relating to the cause of Mr. Hollings' very limited contacts with Illinois. Finally, Plaintiffs' refusal to produce Ms. Byrne focuses solely on their own burden and their own forthcoming response. As the moving party, Defendants will have the burden to establish that the exercise of jurisdiction is improper. Ms. Byrne has knowledge directly relevant to Defendant's jurisdictional defenses. Discovery is necessarily broad in its scope and Plaintiffs are improperly attempting to limit Defendant's opportunity to

---

[3] Defendants dispute that Mr. Hollings was engaged by The Secret. Rather, the relationship was between Mr. Hollings, Ms. Byrne and Prime Time Products.

present relevant information to the Court. The Court should issue an order compelling Ms. Byrne's deposition on jurisdictional issues.

> b. <u>Defendants' are entitled to their reasonable attorneys fees incurred in bringing the instant motion.</u>

Rule 37 of the Federal Rules of Civil Procedure provides, with regard to Motions compelling disclosure or discovery, "If the motion is granted, or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). The award of reasonable expenses is mandatory unless the Court finds that the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the nondisclosure or objection was substantially justified, or other circumstances render an award unjust. In the present case it is shown that Defendants' counsel attempted in good faith to resolve this dispute as shown by the certificate filed herewith. Further, it is clear from the underlying correspondence that there is no substantial justification for Plaintiffs' refusal to cooperate and produce Ms. Byrne for her deposition on jurisdictional issues. As such, Defendants respectfully request that the Court award them their reasonable expenses in bringing the instant motion. Should the Court award such expenses, counsel will submit an appropriate accounting for its fees.

III. CONCLUSION

The Court has entered an order which allows both parties to engage in discovery on jurisdictional issues. Rhonda Byrne is reasonably believed to have information which is directly relevant to Defendants' jurisdictional defenses. Plaintiffs' refusal to produce her as a witness in this litigation is without any

7

reasonable basis. Defendants respectfully request the Court enter an order clarifying that Defendants are entitled to discovery as well as Plaintiffs and compelling the deposition of Ms. Byrne. Defendants also request that the Court award them their reasonable expenses incurred in bringing this motion.

Respectfully submitted this 27th day of March, 2008.

        /s/ Jessica B. Couch
Robert B. Groholski
Illinois State Bar No. 6272317
Schwartz Cooper Chartered
180 North LaSalle Street
Suite 2700
Chicago, IL 60601
-and-
Christopher E. Parker *(admitted pro hac vice)*
Georgia Bar No. 512152
Jessica B. Couch *(admitted pro hac vice)*
Georgia Bar No. 141275
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia   30342

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>        Defendants. | Case No.  07 C 6518<br><br>**CERTIFICATE OF SERVICE**<br><br>(Assigned to the Hon. Ronald A. Guzman) |

I hereby certify that on March 27, 2008 I electronically filed the aforementioned **MOTION TO COMPEL DEPOSITION OF RHONDA BYRNE AND MEMORANDUM OF LAW** using the clerk's ECF System, which system will automatically notify the following counsel of record in this case.

Jessica E. DeMonte
    jdemonte@ssd.com
Squire, Sanders & Dempsey, LLP
Three First National Plaza
70 W. Madison, Suite 2015
Chicago, IL 60602
Telephone:  (312) 781-1123

Brian A. Cabianca
    bcabianca@ssd.com
Teresita T. Mercado
    tmercado@ssd.com
Christopher I. Cedillo
    ccedillo@ssd.com
Squire, Sanders & Dempsey LLP
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004-4498

Respectfully submitted this 27th day of March, 2008.

                      ___/s Jessica B. Couch_____

        Jessica B. Couch
        Georgia State Bar No. 141275
        Admitted Pro Hac Vice