# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>                Plaintiffs,<br><br>   vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>                Defendants. | Case No.  07 C 6518<br><br>Hon. Ronald A. Guzman |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF RHONDA BYRNE

Plaintiffs TS Merchandising Ltd. and TS Production LLC (collectively, "plaintiffs") respond in opposition to the motion of Defendants Dan and Loretta Hollings and Web Services, LLC (collectively "defendants") to compel the deposition of Rhonda Byrne (the "Motion to Compel," Dkt. No. 35), and request that the motion be denied.

## PRELIMINARY STATEMENT

Defendants have been threatening for months to depose Rhonda Byrne, who is the author of *The Secret* and managing director of plaintiff TS Production LLC.  While it may be appropriate to depose Ms. Byrne on substantive issues at a later time, her testimony is irrelevant to the limited question currently before the Court, namely, whether defendants' contacts in Illinois are sufficient to create personal jurisdiction over them here.  Accordingly, defendants' motion to compel Ms. Byrne's testimony is at best, untimely, and at worst, an abuse of the limited discovery leeway granted by this Court on February 13, 2008.

Defendants' motion to compel should be denied because Ms. Byrne's knowledge will not be relied upon by plaintiffs to establish jurisdiction here, and use of her deposition testimony in a reply supporting defendants' motion to dismiss is not allowed in any event.

Moreover, plaintiffs have not yet even filed their response to the pending motion to dismiss. Accordingly, defendants have no basis to assert that Ms. Byrne's testimony will be necessary to defeat arguments raised in plaintiffs' response.

For these reasons, defendants' motion to compel should be denied in its entirety.

## STATEMENT OF FACTS

On November 16, 2007, plaintiffs sued defendants in this Court, alleging, among other things, that while defendant Dan Hollings ("Hollings") was providing services to plaintiffs, Hollings violated a fiduciary duty to them by securing unauthorized commissions from vendors of products related to *The Secret*. [Compl. ¶¶ 24-26]. Plaintiffs also seek declaratory judgment of a dispute between the parties concerning the sufficiency of the compensation paid to Hollings and Web Services for his services. [Compl. ¶¶ 39-41, 73-76].

On February 6, 2008, defendants filed a motion to dismiss the complaint for lack of personal jurisdiction (the "motion to dismiss"). [Dkt. 21]. That motion included a sworn affidavit from defendant Hollings [Dkt. 21-3] containing statements allegedly supporting defendants' motion to dismiss, including that:

> All of the negotiations and agreements surrounding the work that I performed on The Secret website were between me and Rhonda Byrne as well as her company Prime Time Products. [Hollings Affidavit ¶ 10].
>
> I did not have a contractual relationship, nor was I engaged by The Secret. Rather, my work was negotiated with and performed for Rhonda Byrne and Prime Time Products. [*Id.* ¶ 16].
>
> I never initiated any working relationship with Mr. Rainone or any employees of the Secret's Illinois office. The fact that I corresponded and sent invoices to Illinois was due to the unilateral decision of Ms. Byrne and Prime Time Products to retain an Illinois company. Pursuant to their instructions, I was required to participate in emails, telephone calls and to direct invoices to Illinois. [*Id.* ¶ 18].

On February 13, 2008, this Court ordered merits discovery to be stayed pending resolution of defendants' motion to dismiss, but allowed "[d]iscovery to continue only as to jurisdictional issues." [Dkt. 31].

Accordingly, on March 12, 2008, plaintiffs deposed Dan Hollings and Loretta Hollings regarding their marital community and their contacts with Illinois.

Plaintiffs and defendants have filed an agreed motion to extend briefing deadlines on the motion to dismiss by two weeks. [Dkt. 39]. Accordingly, plaintiffs have not yet filed a response to defendants' motion.

## ARGUMENT

### I. The Court Has the Authority and Responsibility to Limit This Unnecessary Discovery.

Defendants' motion is correct in stating the general rule that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." [motion to compel at 4, *citing* Fed. R. Civ. P. 26(b)(1)]. But defendants' argument and the particular section of Rule 26 defendants cite for support both ignore the remainder of Rule 26, which *requires* the Court to consider other factors in evaluating the propriety of the discovery defendants seek here:

> On motion or on its own, the court *must* limit the . . . extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained by some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Here, it is important to remember that discovery is currently limited to jurisdictional issues only. [*See* Dkt. 31]. As to those limited jurisdictional issues, defendants assert they need

-3-

Ms. Byrne's testimony because, according to them, "she is the only person other than Mr. Hollings who can provide testimony reflecting the creation of the relationship between herself, her company Prime Time Products, and Mr. Hollings…." [motion to compel, p. 5 (footnote omitted)]. Presently, Hollings' testimony on facts reflecting the creation of that relationship is the only such testimony in the record. [*See* Dkt. 21-3]. But his testimony on these limited issues *is undisputed* as it relates to the limited purpose of establishing jurisdiction over defendants. Indeed, for the purpose of determining the jurisdictional question, Hollings' testimony on those facts will remain undisputed for this limited purpose. Thus, Ms. Byrne's testimony as to these limited issues would be cumulative and merely duplicative of undisputed evidence on this limited jurisdictional issue.

Furthermore, because it would be unnecessary, "the burden or expense of the proposed discovery outweighs its likely benefit," particularly here, where the only issue to be decided is whether defendants are subject to personal jurisdiction in this district. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). In both the opening brief in support of their motion to dismiss and in the motion to compel, defendants argue that the facts surrounding Hollings' engagement to offer services in support of *The Secret* movie are relevant to deciding the jurisdictional issue. As stated above, they have already established those facts through Hollings' sworn affidavit attached to the motion to dismiss. Again, that evidence, to the extent it implicates the jurisdictional issue, is uncontroverted and will remain so as it relates to the jurisdictional issue. Therefore, Ms. Byrne's testimony cannot provide any additional benefit to the Defendants that will outweigh the burden and expense of eliciting her deposition testimony on those limited facts.

**II.    Ms. Byrne's Testimony Also Could Not Be Used in a Reply Supporting Defendants' Motion to Dismiss.**

Even if plaintiffs had made Ms. Byrne available for deposition, defendants would not be

-4-

allowed to introduce her testimony to support their motion to dismiss. *See Sweet v. Pfizer*, 232 F.R.D. 360, 364 (C.D. Cal. 2005) (refusing to consider new declaration attached to movant's reply, as "[t]he moving party in a motion cannot submit new information as part of its Reply.").

Here, defendants moved to dismiss the pending complaint based on their alleged lack of contacts with Illinois. Defendants' motion contained supporting evidence, including, for example, Hollings' affidavit. It did not include testimony from Ms. Byrne. Plaintiffs relied on that motion and the evidence proffered in it to ask appropriate deposition questions of Mr. and Mrs. Hollings to demonstrate that defendants' contacts with Illinois are sufficient to confer jurisdiction. Plaintiffs continue to rely on defendants' motion to dismiss and defendants' own testimony to fashion an appropriate response in opposition.

"It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (granting defendant's motion to strike declarations attached to plaintiff's reply in support of a motion for preliminary injunction, where declarations referenced "a host of new evidence and information"); *see also US v. Englund*, No. 04-282, 2005 U.S. Dist LEXIS 36364, at *25 (E.D. Cal. Aug. 20, 2005) (granting plaintiff's motion to strike new arguments and exhibits defendant included in reply supporting its motion to dismiss: "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). Plaintiffs have justifiably relied on the moving papers; as a matter of fairness to plaintiffs, defendants are not allowed to use their reply to present new evidence, not even the deposition of Ms. Byrne. Thus, there can be no benefit to taking her deposition (on this issue, at this time), and according to the plain language of Fed. R. Civ. P. 26(b)(2)(C)(iii) this Court should not compel it.

**III.     Defendants Have No Basis to Contend that Ms. Byrne's Testimony Is Necessary.**

Finally, plaintiffs have not yet even filed their response to the pending motion to dismiss. Accordingly, defendants have no basis to assert that Ms. Byrne's testimony will be necessary to defeat arguments raised in plaintiffs' response. Without any such basis, Ms. Byrne's deposition should not be compelled.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that defendants' motion to compel the deposition of Rhonda Byrne be denied.

> Respectfully submitted,
> TS MERCHANDISING LTD. and TS PRODUCTION, LLC
>
>
> By:      s/Christopher I. Cedillo
>             One of Their Attorneys

Brian A. Cabianca
Teresita T. Mercado
Christopher I. Cedillo
SQUIRE, SANDERS & DEMPSEY LLP
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004-4498
Telephone:     (602) 528-4000
Facsimile:      (602) 253-8129
-and-
Jessica E. DeMonte
Squire, Sanders & Dempsey, LLP
Three First National Plaza
70 W. Madison, Suite 2015
Chicago, IL 60602
Telephone:     (312) 781-1123

*Attorneys for TS Merchandising Ltd.
and TS Production LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2008, I electronically transmitted the attached document to the Clerk's office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher E. Parker
Jessica B. Couch
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
-and-
Robert B. Groholski
Schwartz Cooper Chartered
180 North LaSalle Street
Suite 2700
Chicago, IL 60601

Attorneys for Defendants Dan and Loretta Hollings and Web Services, LLC

COPY of the foregoing and Notice of Electronic Filing
hand-delivered on the 2nd day of April 2008, to:

Carole Gainer
  Courtroom Deputy to
Honorable Ronald A. Guzman
United States District Court
Everett McKinley Dirksen Building
219 S. Dearborn Street, Room 1218
Chicago, IL 60604

By:  s/Christopher I. Cedillo