IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>       Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>       Defendants. | Case No. 07 C 6518<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION**<br><br>Hon. Ronald A. Guzman |

  The Court has considered the parties Stipulation for Protective Order, and it appearing that there is good cause for an Order requiring confidential treatment of certain documents and information that may be disclosed during discovery, **IT IS HEREBY ORDERED:**

  **1.**  All documents, data, materials, and information contained therein, including, but not limited to, transcripts, videotapes, and recordings of depositions which are designated by the Parties as Confidential Information, shall be used solely for the prosecution or defense of the claims in this action. Use and/or dissemination of the Confidential Information by the Parties to the press or for any other business, commercial, competitive, personal or other purpose is strictly prohibited.

  **2.**  **Definitions**

    **1.1**  **Confidential Information**

  "Confidential Information" means certain documents, writings, or tangible things of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is: (a) not generally known by or available to members of the public; or (b) proprietary business, commercial or financial information, such as trade secrets, future business plans, customer lists, personnel information; or (c) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule, or regulation; or (d) potentially damaging to the business or personal interests of said party if disclosed. Confidential Information is not strictly limited to the document, writing or tangible thing at issue, and does

expressly include the information contained within any document, writing or tangible thing.

### 1.2 Dissemination

For purposes of this Protective Order, the term "disseminate," "disseminated," and/or "dissemination" includes only: (1) distributing any document or information via facsimile, email or U.S. Mail; (2) distributing or publishing any document or information on any Website accessible to the general public on the World Wide Web; and/or (3) relaying any documents or information to any third party, including but not limited to any media members who are not Qualified Persons as defined below.

## 2. Duties Of The Parties

### 2.1 Duty To Examine Documents And Maintain The Confidentiality Of Confidential Information

Information designated as Confidential Information under this Protective Order shall be treated by the parties and their counsel as confidential, such that: (1) such information may be reviewed only by persons so authorized by this Protective Order and who have agreed to be bound by the terms of this Protective Order, (2) may be copied by such persons only for purposes of this litigation; and (3) all use and disclosure of information designated as Confidential Information shall be confined to that reasonably necessary to effectively defend or prosecute this action and for no other purpose.

### 2.2 Duty To Disclose Confidential Information Only To Qualified Persons

Information designated as Confidential Information shall be disclosed only to the following "Qualified Persons":

a. The parties and their counsel of record and support staff (including secretaries, paralegals, and clerks) engaged in the conduct of this litigation and any officers, directors, or employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

c. court reporters employed in this action;

d. a witness at any deposition or other proceeding in this action, but as relevant and necessary to such testimony; and

e. any other person as to whom the parties in writing agree.

### 2.3   Duty To Ensure The Signing Of Non-Disclosure Agreements

Prior to receiving any Confidential Information, each Qualified Person shall be provided with a copy of the Protective Order and shall execute an agreement to be bound by the Protective Order in the form of Exhibit A. After the conclusion of this litigation each party obtaining such agreements shall, upon request, provide copies of such agreements to the other parties.

### 3.   Rights Of The Parties

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party by means independent of discovery from the adverse party in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information in any manner it deems appropriate.

This Protective Order shall be without prejudice to the right of the parties to:

(1)   bring before the Court at any time the question of whether any particular document or category of documents is Confidential Information or whether its use should be restricted;

(2)   present a motion to the Court for a separate protective order or provision in the Protective Order as to any particular document, thing, material, testimony or information, including restrictions differing from those as specified herein;

(3)   assert privilege (including but not limited to trade secret privilege) and decline to produce any documents or information on that basis;

(4)   make a future application for modification of the Protective Order, including modifications specific to any particular documents, information or things, and challenges to any designation of particular documents or information as being Confidential Information.

The Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

After final termination of this case upon reasonable demand, counsel for the parties shall assemble and either (a) return to the producing party all documents designated as Confidential Information and all Confidential Information derived from such documents, (b) shall destroy such documents and Confidential Information and certify to the producing party under oath that such documents and Confidential Information have been destroyed or (3) retain, subject to the

terms of this order, a copy of all documents designated as Confidential Information and all Confidential Information derived from such documents.

    SO ORDERED this _____ day of _____, 20_____.

 

_____
The Honorable Ronald A. Guzman