## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6518 | **DATE** | 5/19/2008 |
| **CASE TITLE** | TS Merchandising Ltd. vs. Dan and Loretta Hollings | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court strikes the Stipulation of Parties for Protective Order without prejudice. The parties shall submit an amended motion within eleven days of this minute order.

■[ For further details see text below.]     Docketing to mail notices.

### STATEMENT

    Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 229 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).
    In this case, the Court finds that the parties have not shown good cause to seal the information sought to be protected by the Stipulated Protective Order. Therefore, the Court cannot enter such an Order.
    As an initial matter, the parties' definition of confidential information is too broad. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. Paragraph 1 defines as "Confidential Information" as "certain documents, writings, or tangible things of any type *that any of the parties, through counsel, designate in good faith as containing information of the parties* that is: (a) not generally known by or available to members of the public; or (b) proprietary business, commercial or financial information, such as trade secrets, future business plans, customer lists, personnel information; or (c) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule or regulation; or (d) potentially damaging to the business or personal interests of said party if disclosed." (Proposed Protective Order ¶ 2.1.1.) First, the italicized portion should be stricken because such a standard improperly shifts the Court's determination from whether information is confidential to whether a party in good faith believes is confidential. Further, much of the non-italicized portion of the above statement is far too broadly written and unworkable. Second, the parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim of confidential business or company policy information, this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted).
    Second, the Order must be modified to state that entire pleadings shall not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) shall be filed in addition to sealed unredacted versions.
    Third, the Order should have explicitly stated that either a party *or an interested member of the public* may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

**STATEMENT**

    Fourth, the Order is defective to the extent that it is not limited to pretrial discovery and apparently is intended to protect the documents at issue even after they are introduced at trial. *See Citizens*, 178 F.3d at 945; *In re Krynicki*, 983 F.2d at 75.

    Fifth and finally, the Order must be modified to exclude any confidential material filed with the Court because the Court strictly and fully enforces Local Rule 26.2(g).