IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company, | Case No. 07 C 6518 |
| Plaintiffs, | Hon. Ronald A. Guzman |
| vs. | |
| Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs TS Merchandising Ltd. and TS Production LLC respectfully request that this Court issue the protective order attached hereto as Exhibit A. Good cause exists for this Court to issue the proposed protective order because: (1) defendant Dan Hollings has threatened to use information gathered during pre-trial discovery for purposes unrelated to the defense or prosecution of this litigation; and (2) the proposed protective order is narrowly tailored to prohibit the parties' misuse of discovery materials and to address concerns raised by this Court in its May 19, 2008 minute order striking the parties' previous stipulated protective order.

This motion is supported by the declaration of Christopher I. Cedillo attached hereto as Exhibit B, the following Memorandum of Points and Authorities, and the additional exhibits attached hereto.

The motion is opposed by the defendants, and is made after extensive consultation with defendants' counsel by email and after consultation by telephone between plaintiffs' counsel Christopher I. Cedillo and defendants' counsel Jessica Couch on June 20, 2008 at approximately

12:55 p.m. (Arizona Time).  After good faith attempts to resolve the parties' differences, they have been unable to reach an agreement.

## FACTS

### A.     Procedural Background

A detailed recitation of facts supporting plaintiffs' claims against defendants is contained in the complaint filed November 16, 2007 [Docket No.1].  Briefly, plaintiffs have sued the Defendants for, *inter alia*, infringing plaintiffs' trademarks and for a declaratory judgment that they have fully paid defendants for their work as Internet consultants for plaintiffs' movie entitled *The Secret*.

On May 12, 2008, the parties stipulated to a protective order to maintain the confidentiality of information produced during discovery.  This Court, however, struck the stipulation on May 19, 2008 and ordered the parties to submit a revised protective order. [Docket Nos. 44 and 46].  The parties have been unable to reach agreement on a revised order. Accordingly, the plaintiffs seek entry of the protective order attached as Exhibit A, which has been revised to address issues raised by the Court's May 19, 2008 minute order and to otherwise prevent the parties from misusing materials gained during discovery.

### B.     Defendants' Acts and Threats Creating Cause for Concern, and Cause for the Protective Order.

Defendant Hollings has taken a number of inappropriate actions regarding this dispute and has threatened to misuse discovery to intimidate and harass the plaintiffs.  First, by way of background, a central part of *The Secret* are its teachers, men and women who help promote the philosophy behind The Secret by sharing their experiences with that philosophy and who continue to consulted by the developers of *The Secret* for their experience and expertise.  In a transparent attempt to embarrass plaintiffs and to harm plaintiffs' relationships with these

teachers, defendant Hollings sent an unsolicited email to them questioning plaintiffs' business practices and threatening litigation against The Secret. [*See* March 22, 2007 email, attached hereto as Exhibit C.] In his letter to the teachers, defendant Hollings (an otherwise unknown Internet contractor whose departure from The Secret would garner no media attention) also threatened to engage a media consultant to help "control" the concocted "publicity" that he had attempted to create regarding his departure. *Id*. In his letter, defendant Hollings also suggested harm to the teachers and their business interests in an attempt to put pressure on The Secret to capitulate to his demands: "I'm now compelled to apologize in advance should any steps I need to take affect you and your business as it might relate to your association with "The Secret" on the makers behind the project." *Id*.

Second, the defendants' counsel recently publicly disclosed confidential information concerning the parties' pre-litigation mediation, and mischaracterized information related to the plaintiffs' mediation settlement offer. The settlement offer was made during a mediation in Arizona, and Arizona law provides that the "mediation process is confidential" and precludes "[c]ommunications made" during mediation from being discovered unless the parties agree to disclosure or disclosure is required by statute, among other exceptions. A.R.S. § 12-2238 (B). *Miller v. Kelly*, 212 Ariz. 283, 287, 130 P.3d 982, 986 (App. 2006). Yet, Mr. Hollings' counsel publicly disclosed to the New York Times a self-serving portion of a confidential settlement proposal that plaintiffs had made to Mr. Hollings in an attempt to avoid protracted litigation about Mr. Hollings' trademark violations. [*See* Printout of April 26, 2008 New York Times article, attached hereto as Exhibit D]. Disclosure of such information was plainly intended to embarrass the plaintiffs and harm their business interests, which rely heavily on the public goodwill.

As another example, defendant Hollings has registered the domain name <know-more-secrets.com>, where he has posted a Web page publicizing his dispute with the plaintiffs since shortly after leaving The Secret. [Printout of <know-more-secrets.com> Web page from November 1, 2007, originally attached as Exhibit A to the Complaint, and attached hereto as Exhibit E]. On April 30, 2008, it was discovered that Hollings had altered his Web site to include direct links to the April 26, 2008 New York Times article, along with an implicit threat to disclose information obtained during a yet-to-occur May 6, 2008 deposition of Rhonda Byrne, creator of *The Secret*. Specifically, the Web site stated:

> I guess there are still some secrets the universe has yet to reveal; a few of which might be flushed out on May 6 in Los Angeles or the many secret hearings that follow. I'm pretty sure that all this secret stuff will be rather public; and in my opinion, the more public the better. That is, unless there are some secrets some people don't want the public to know... hmmm?

[Printout of <know-more-secrets.com> Web page from April 30, 2008, attached as Exhibit F].

Hollings' use of the Internet to publicly harass others is not new. Hollings was previously involved in a dispute with a different client of his that resulted in a 2002 federal copyright infringement lawsuit captioned *International Technology Solutions Corporation v. Britt Mgmt., Inc.*, No. 02-00367 (D. Ariz.). Defendant Hollings settled that other matter with his client in March 2005 after executing a confidential settlement agreement. Nevertheless, later that year, Hollings made a posting on an Internet blog concerning his settlement, acknowledging that he was "under a strict non-disclosure" agreement regarding the suit, and yet directing readers by hyperlink to another Website

where details of his settlement agreement were disclosed. [Printouts of blog posting at <www.webraw.com/quixtar/dan.html>, attached as Exhibit G, and press release at <www.prweb.com/printer/php?prid=222106>, attached as Exhibit H].

## ARGUMENT

In light of the defendants' actions and implicit threats directed at publicizing information related to this lawsuit for the transparent purpose of embarrassing plaintiffs and thereby harming their business interests, plaintiffs respectfully request that the Court enter the proposed protective order.

    **A.    The Discovery Rules Were Not Intended to Provide a Basis for Embarrassing or Harassing Parties and Those Associated with Them.**

"Liberal discovery is provided for the *sole* purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (emphasis added). As such, the use of information obtained during pretrial discovery must be limited to its intended purpose. *See, e.g.,* 6 James W. Moore, MOORE'S FEDERAL PRACTICE §26.101 [1][b] (4thd Ed. 2004) (stating that "[a] party generally cannot use discovery for purposes unrelated to the lawsuit"); *Jennings v. Peters*, 162 F.R.D. 120, 122 (N.D. Ill. 1995) (holding that information obtained during discovery may not be used for a purpose unrelated to settlement or trial preparation).

    **B.    This Court May Issue a Protective Order Upon a "Good Cause" Showing.**

Fed. R. Civ. P. 26(c) ("Protective Orders.") was designed to implement the goal of full disclosure of relevant information and at the same time provide protection against potential side effects resulting from misuse of discovery materials. *Seattle Times,* 467 U.S. at 34. Thus, the United States Supreme Court has found that the only purpose of discovery is to aid parties in

preparing for litigation, and Rule 26(c) is a tool used by courts to prevent abuse of that process. *Id.* As noted in a leading case,

> [Rule 26] itself imposes no affirmative obligation upon a participant to refrain from giving publicity to information derived in a discovery proceeding. However, as chief Justice Burger has remarked, *it has customarily been taken for granted that such information is given solely for purposes of litigation.* ***It is evident that the rule contemplates that participants will not abuse the process, but if they do attempt or propose to do so, the party against whom such action is directed may apply for protection.***

*Rhinehart v. Seattle Times Co.,* 654 P.2d 673, 690 (Wash. 1982) (emphasis added), *aff'd,* 467 U.S. 20 (1984).

Thus, Fed. R. Civ. P. 26(c) provides protection against litigants who attempt to abuse the discovery process. Rule 26(c)(1) provides that, for "good cause," a court may "issue an order to protect a party or person from annoyance, embarrassment [or] oppression." Under this "good cause" standard, federal courts have "very broad discretion to tailor protective provisions to fit the needs of the case." *Seattle Times,* 467 U.S. at 36 ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."). In exercising this broad discretion, "[t]he judge's major concern should be the facilitation of the discovery process and the protection of the integrity of that process." *Rhinehart,* 654 P.2d at 690.

    C.    **"Good Cause" Exists for this Court to Issue the Proposed Protective Order.**

The "good cause" requirement for the issuance of a protective order is satisfied where there is a "healthy suspicion" that a party intends to use discovery for purposes other than the

prosecution or defense of the lawsuit. *Jennings,* 162 F.R.D. at 122-23 (holding that a "healthy suspicion" that a party intends to use information obtained during discovery for purposes other than preparing for trial establishes "good cause" and is – by itself – grounds for a protective order); *see also Rhinehart, 654* P.2d at 690 (recognizing that "'good cause' is established if the moving party shows that any of the harms spoken of in [Rule 26(c)] is threatened and can be avoided without impeding the discovery process.").

Here, there is much more than a "healthy suspicion" that the defendants intend to use discovery for purposes other than preparing for trial. In fact, defendant Hollings has been disclosing information related to this case since at least March 2007, when he attempted to embarrass and harass plaintiffs by sending his inappropriate email to the teachers interviewed in *The Secret*. [Exhibit C]. Likewise, Hollings has been operating a website at <know-more-secrets.com>, which itself implies Hollings' intent to disclose information about the operations of *The Secret*. Indeed, Hollings has used his website at that domain name to disclose information about this case in an attempt to prejudice the public and impugn the integrity of *The Secret* and its author and otherwise improperly gain leverage in this lawsuit. [Exhibit E]. In the meantime, his attorney has revealed confidential mediation settlement information to the New York Times, and Hollings has now included links to the New York Time article discussing that information on his website. [Exhibits D and F].

Most recently, Hollings revised his website to include an implicit threat to disclose information acquired during discovery. Specifically, it was discovered on April 30, 2008, that Hollings threatened to disclose information obtained during the May 6, 2008 deposition of Rhonda Byrne, the creator of *The Secret*, stating:

> I guess there are still some secrets the universe has yet to reveal; a few of which might be flushed out on May 6 in Los Angeles or the many secret hearings that follow. I'm pretty sure that all this secret stuff will be rather public; and in my opinion, the more public the better. That is, unless there are some secrets some people don't want the public to know... hmmm?

[Exhibit F]. Furthermore, Hollings already has a history of publicly airing his litigation battles on the Internet, as demonstrated by his blog posting concerning his involvement in previous litigation with a former client, *International Technology Solutions Corporation v. Britt Management, Inc.*, No. 02-00367 (D. Ariz). [Exhibits G (p. 3 of 4) and H].

The law does not tolerate the use of materials gained during discovery as Hollings has threatened to use them, namely, as a means to publicly embarrass and harass the plaintiffs and those associated with them. When a party has made such threats, good cause exists for entry of a protective order to prevent the potential for abusing the discovery process in this manner. Courts in the Northern District of Illinois have held as much:

> In this case, it is apparent that [the non-movants] intend to use [the movants'] deposition testimony to further their crusade of criticizing and embarrassing [the movants]. And while the First Amendment protects [the non-movants'] right to voice their opinions, the Court will not allow the discovery in this case to be misused in the manner [the non-movants] suggest. Therefore, the Court grants [the movants'] Motion for a Protective Order, limiting use of the deposition testimony to purposes directly related to settlement and trial preparation in this case, and prohibiting the broad dissemination of these materials, prior to trial.

*Baker v. Buffenbarger*, No. 03-5443, 2004 U.S. Dist. LEXIS 19083, at *14 (N.D. Ill. Sept. 22, 2004).

### D. The Attached Protective Order is Narrowly Tailored.

To address the defendants' potential to misuse discovery documents, the proposed protective order provides that "[a]ll documents, data, materials and information contained therein, which shall be produced by the Parties through the use of the discovery process ("Documents"), including, but not limited to transcripts, videotapes, and recordings of depositions, shall be used solely for the prosecution or defense of the claims in this action. [Exhibit A ¶ 1]. The proposed order applies only to documents "produced by the Parties during pre-trial discovery," and does not apply to information obtained from other sources. [*Id.*] This proposed order is narrowly tailored to provide protection against unauthorized use of discovery materials, yet allow full access to them for their intended use (*i.e.,* preparing for trial or settlement). *See Rhinehart,* 654 P.2d at 679 ("[T]he effective administration of justice does not require dissemination or use of discovery materials beyond that which is needed for litigation of the case."). The attached protective order also provides that the order's restrictions shall not apply to information disclosed at trial.

## CONCLUSION

For all the foregoing reasons, this Court should issue the proposed protective order attached hereto as Exhibit A.

Dated: June 26, 2008

Respectfully submitted,

/s/ Christopher I. Cedillo
Brian Cabianca
Teresita T. Mercado
Christopher I. Cedillo
SQUIRE, SANDERS & DEMPSEY LLP
40 N. Central Avenue, Suite 2700
Phoenix, AZ  85004-4498
-and-
Jessica E. DeMonte
SQUIRE SANDERS & DEMPSEY LLP
Three First National Plaza
70 W. Madison, Suite 2015
Chicago, IL  60602
*Attorneys for TS Merchanding Ltd and TS Production LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically transmitted the attached document to the Clerk's office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher E. Parker
Jessica B. Couch
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia   30342
-and-
Robert B. Groholski
Schwartz Cooper Chartered
180 North LaSalle Street
Suite 2700
Chicago, IL 60601

Attorneys for Defendants Dan and Loretta Hollings and Web Services, LLC

COPY of the foregoing and Notice of Electronic Filing
sent by FedEx on the 26th day of June, 2008, to:

Carole Gainer
   Courtroom Deputy to
Honorable Ronald A. Guzman
United States District Court
Everett McKinley Dirksen Building
219 S. Dearborn Street, Room 1218
Chicago, IL 60604


By:  s/Rosalin Sanhadja