# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6518 | **DATE** | 6/26/2008 |
| **CASE TITLE** | TS Merchandising Ltd. vs. Dan and Loretta Hollings, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants in part and denies in part defendants' motion to dismiss for lack of personal jurisdiction [doc. no. 21]. The motion is granted as to defendant Loretta Hollings, who is dismissed as a party from this suit. The motion is otherwise denied.

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

TS Merchandising Ltd., and TS Production LLC have sued Dan and Loretta Hollings and Web Services LLC for their alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), breach of fiduciary duty, common law unfair competition and a declaration that plaintiffs do not owe Dan or Web Services any further compensation for the work they previously performed for plaintiffs. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction.  For the reasons set forth below, the motion is granted in part and denied in part.

## Facts

Dan Hollings and his wife Loretta have lived in Arizona since 1999.  (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 3; *id.*, Ex. A, Loretta Hollings' Aff. ¶ 3.)  In 2005, Dan was contacted by Rhonda Byrne, who was in Australia, about providing Web-related services for a movie she was producing called "The Secret."  (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶¶ 9-12.)  Ultimately, the two reached an agreement and Dan began providing services for "The Secret" website in September 2005.  (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 1, Dan Hollings Dep. at 13-14.)  Dan did all of his work for "The Secret" from his home in Arizona and he sent his first invoice for that work to Byrne in Australia.  (*Id.* at 24; Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 13.)

In October 2005, Byrne hired Bob Rainone as the Chief Executive Officer of The Secret LLC, which is one of plaintiffs' affiliates.  (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 2, Rainone Decl. ¶ 2; Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 14.)  After hiring Rainone, The Secret set up offices in Illinois.  (Defs.' Mot. Dismiss, Ex. B, Dan Hollings Aff. ¶ 14.)  From October 2005 until February 2007, when the parties' relationship ended, Dan (either personally or through Web Services, LLC, an Arizona company he created in 2006):  (1) sent invoices monthly to The Secret in Illinois; (2) made dozens of phone calls to and received dozens of calls from Illinois in connection with his work for The Secret; (3) sent over 1500 emails to representatives of The Secret in Illinois; (4) received payment from Illinois for his work for The Secret; and (5) attended a meeting in Illinois with representatives of The Secret. (Pls.' Opp'n Defs.' Mot. Dismiss, Ex. 1, Dan Hollings Dep. at 13-14, 22-38, 41-42; *id.*, Ex. 2, Rainone Decl. ¶¶ 2-8.)

Plaintiffs seek to recover from Dan, Loretta and Web Services for their allegedly improper use of plaintiffs' trademarks and exploitation of their relationship with The Secret for personal gain.  Defendants contend that their contacts with Illinois are too insubstantial to permit the Court to exercise personal jurisdiction over them.

## Discussion

To defeat a Rule 12(b)(2) motion to dismiss, plaintiff must make a *prima facie* case of personal jurisdiction. *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).  In determining whether plaintiff has done so, the Court accepts as true "all well-pleaded jurisdictional allegations in the complaint . . . unless [they are] controverted by affidavit." *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004).

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if the forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).[1] Illinois courts can "exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the

---

[1] Plaintiffs also assert claims under the Lanham Act and the Anticybersquatting Acts but, because those statutes do not authorize nationwide service of process, the Court can exercise jurisdiction over defendants on those claims only if they are subject to the personal jurisdiction of the Illinois courts. *See LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 735 (N.D. Ill. 1999) (Lanham Act); *Wright v. Domain Source, Inc.*, No. 02 C 2525, 2002 WL 1998287, at *2 (N.D. Ill. Aug. 28, 2002) (Anticybersquatting Act).

Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because the state and federal standards are not substantively different, *see Hyatt*, 302 F.3d at 715, the Court will address only the federal.

The Court can exercise personal jurisdiction over defendants if they have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). If a "defendant has continuous and systematic general business contacts with the forum," he is subject to that forum's general jurisdiction and can be sued there for any cause of action. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (quotation omitted). If a defendant's purposeful contacts with the forum are more limited, he is subject to its specific jurisdiction and can be sued there only if the suit arises out of those specific contacts. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

Though Dan is an Arizona resident and Web Services an Arizona company, both defendants had sufficient contact with this state to permit the Court to exercise specific jurisdiction over them.[2] For the seventeen-month period from October 2005, when The Secret opened its Illinois office, through February 2007, when the parties terminated their relationship, Dan or his company regularly provided services to an Illinois resident. In connection with that work, Dan routinely emailed, telephoned and invoiced representatives of the Secret in Illinois and he, or his company, routinely received payment from Illinois for his services. Given these defendants' decision to engage in a business relationship with an Illinois company for seventeen months, the hundreds of emails and phone calls they made to or received from Illinois residents in the course of that relationship, and their repeated billing to, and receipt of payment from a corporation in Illinois, the Court's exercise of jurisdiction over them in this suit, which arises directly out of those contacts, is permissible. *See Purdue Research*, 338 F.3d at 780-81 ("[T]here must be some showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state. . . . [that] the defendant has deliberately engaged in significant activities within the forum state, or . . . . has created continuing obligations between itself and a resident of the forum." (citations omitted)).

The same is not true for Loretta Hollings. She: (1) has been an Arizona resident since 1999; (2) is not, and never has been, a member, officer or employee of Web Services; (3) has never had any contact with Byrne, Rainone or The Secret; and (4) has not even been in this state for six years. (Defs.' Mot Dismiss, Ex. A, Loretta Hollings Aff.; Defs' Reply Supp Mot. Dismiss, Ex. C, Loretta Hollings Dep. at 2-4). The *only* connection she has to this lawsuit is that she is married to Dan. (*See generally* Defs.' Mot., Ex. A, Loretta Hollings' Aff.) Because plaintiffs have not demonstrated that Loretta had any contact with this state, any of its residents, or the events underlying this suit, her motion to dismiss for lack of personal jurisdiction is granted.

---

[2] Because plaintiffs confine their argument to specific jurisdiction, the Court does so as well.