IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Dan Hollings, an Arizona resident, and Web Services, LLC, an Arizona limited liability company,<br><br>          Defendants. | Case No. 07 C 6518<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>(Assigned to the Hon. Ronald A. Guzman) |

COME NOW Dan Hollings and Web Services, LLC, by way of special appearance without waiving any defenses relating to jurisdiction, through their counsel of record, and file their Response in Opposition to Plaintiffs' Motion for Protective Order.

I.     STATEMENT OF FACTS

Plaintiffs have filed the instant Motion for Protective Order asking the Court to enjoin the Defendants from disclosing any information produced within discovery to the press or to anyone else. The Plaintiff's motion broadly encompasses <u>all information</u>, including deposition transcripts, video tapes of depositions, all documents, data, and materials produced during pretrial discovery. There is no attempt whatsoever to limit the scope of the protective order to "confidential information". Further, Plaintiffs have failed to demonstrate good cause for the entrance of the instant order, especially when balanced against the public interest in having access to all phases of litigation. Finally, Plaintiffs' motion fails to adhere with the requirements set forth in the Court's order entered on May 19, 2008.

Defendants deposed Rhonda Byrne, creator of The Secret, on May 6, 2008. The deposition was conducted pursuant to an order from this Court after much contention from the Plaintiffs. Just prior to the deposition, Counsel for Plaintiffs contacted Counsel for Defendants and insisted that the institution of a protective order was necessary. Defendants did not have any independent need for a protective order. However, in order to move forward with the discovery

1

process and the upcoming deposition of Rhonda Byrne, Defendants agreed to consent to Plaintiffs' request for a protective order.

On May 12, 2008, the parties submitted a proposed protective order to the Court for consideration. On May 19, 2008 the Court issued an order striking the proposed consent order for multiple reasons including the failure of the proposed order to show good cause and the fact that the definition of "confidential information" was found to be too broad. The Court further ordered the parties to submit a revised motion for protective order within eleven (11) days of the Court's order.

On May 28, 2008, Plaintiffs' counsel forwarded a revised proposed order to counsel for Defendants' seeking consent to file the proposed order with the court. Upon review of the revised order, counsel for Defendants found that it did not adhere to the guidelines specifically set forth in the Court's order. On May 29, 2008, Counsel for Defendants informed Counsel for Plaintiffs that it could not consent to the order on that basis, but would consider a proposed order which adhered to guidelines set forth within the Court's order. On May 30, 2008, the deadline for submitting a revised protective order, Counsel for Plaintiffs responded to Defendants stating that they would seek approval of their proposed order from the Court through a Motion.

Plaintiffs failed to file a motion or a revised order by the May 30, 2008 deadline. Instead, nearly two weeks later, on June 12, 2008 Plaintiffs' counsel forwarded yet another revised order to Defendants' counsel. Once again, the revised order, which is the proposed order attached to this Motion, failed to address the guidelines and concerns stated within the Court's order. As such, Defendants' counsel responded by refusing to consent to submission of the order to the Court. After another two weeks, on June 26, 2008, Plaintiffs filed the instant motion seeking to prevent any dissemination or use of any information produced within discovery in this case, without any regard to whether such information is "confidential information".

Nearly one month has passed since the Court's deadline for submitting a revised proposed protective order expired. Plaintiffs' proposed order fails to limit its scope to confidential information and fails to define what constitutes confidential information. Further, Plaintiffs have failed to show good cause for the imposition of the instant motion, especially when balanced against the public interest in open judicial proceedings. Finally, Plaintiffs have failed to make the revisions expressly set forth in the Court's May 19, 2008 order. Therefore Defendants request that the Court deny the instant Motion. To the extent, however, that the

Court does issue the proposed protective order, Defendants request that the Court expressly allow for the use of documents and information produced through discovery in this action in other pending actions and litigations.

II.   ARGUMENT AND AUTHORITY

   a. **Plaintiffs' Motion should be denied because they have failed to satisfy the requirements for entrance of a protective order and have failed to comply with the Court's May 19, 2008 order.**

      i. <u>**Plaintiffs failed to meet the deadline set forth in the Court's order.**</u>

The Court's May 19, 2008 order expressly stated that the parties had a period of eleven (11) days in which to submit a revised proposed protective order for the Court's consideration. The deadline for so doing expired on May 30, 2008. Despite correspondence with Defendants regarding the proposed protective order and knowledge that Defendants would not consent to revised language which did not adhere to the Court's specific guidelines, Plaintiffs failed to submit a proposed order or file a motion for protective order by May 30, 2008. Instead, Plaintiffs waited until June 26, 2008, nearly a month after the expiration of the Court's deadline, to submit the instant motion.

The Court should deny the instant motion based upon Plaintiffs failure to adhere to the Court's deadline as stated in the May 19, 2008 order.

      ii. <u>**Plaintiffs have failed to limit the protective order to "Confidential Information".**</u>

As stated in the Court's May 19, 2008 order, the definition of "confidential information" contained in the prior proposed protective order was too broad. The instant proposed order, however, contains absolutely <u>no definition</u> or limitation as to confidential information. Rather, it prohibits <u>dissemination or usage of ALL information</u> gained through discovery. Plaintiffs' proposed order expressly prevents the parties from sharing any information contained within discovery with the press. Further, it prevents the dissemination or usage of such information "for any other business, commercial, competitive, personal or other purpose". Such an order is directly contrary to the law favoring public disclosure of information in a legal proceeding.

The general rule is that the record of a judicial proceeding is public. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 942 (7th Cir. 1999). "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal

3

proceeding." *Id.* at 945. "The public at large pays for the courts and therefore has an interest in what goes on at <u>all stages</u> of a judicial proceeding". *Id.* (emphasis added) (stating that the public has an interest in information gained in pretrial discovery as well as all other stages of the judicial proceeding). "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record." *Id.* "Not only do such records often concern issues in which the public has an interest, in which event concealing the records disserves the values protected by the free-speech and free press clauses of the First Amendment, but also the public cannot monitor judicial performance adequately if the records of judicial proceedings are secret". *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2001).

There can be no disputing the fact that the public has an interest in the instant litigation. Even apart from the general interest that the public has in all judicial records as a function of a public government, the public has a specific interest in a national "best seller" such as The Secret which, according to Plaintiffs own statements, derives its profit from the public's perception. As stated in Plaintiffs' Complaint, "the Secret is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print". (Complaint ¶ 12). According to Plaintiffs, the success of The Secret relies "heavily on the public goodwill". (Plaintiffs' Motion for Protective Order p. 3). The Secret has been featured on the Oprah Winfrey Show. Further, as shown in the instant brief, the New York Times has <u>already</u> chosen to write an article on The Secret and the lawsuits it is currently engaged in for failure to fulfill its obligations, including the instant litigation. There can be little dispute that the public has a strong interest in the instant litigation as it relates to The Secret.

Despite the fact that there is a clear strong public interest in the ongoing litigation, Plaintiffs have done nothing to tailor their proposed protective order to "confidential information". As stated in the Court's May 19, 2008 order, the standard for confidential business or company policy information demands that Plaintiffs "prove that disclosure will result in a clearly defined and very serious injury to its business". *Anderw Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill 1998). There has been no such showing. In fact, there has been no attempt whatsoever to limit the scope of the order to confidential information. In light of the strong public interest in all stages of the instant litigation remaining public, and the overly-broad scope of Plaintiffs' proposed order, Defendants respectfully request that the Court deny the instant motion.

### iii. Plaintiffs have failed to show good cause.

Plaintiffs have failed to show good cause for the institution of the proposed protective order. In determining whether good cause exists, courts balance the public's interest in having access to the proceeding against the litigants' property and privacy interests. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). The Seventh Circuit Court of Appeals has held that good cause for a protective order may exist "when there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children". Jessup v. Luther, 277 F.3d 926 (7th Cir. 2002). Even in cases where there is such a showing, only portions of documents should be redacted. *Id.* at 928. In this case, Plaintiffs have done nothing to show that the information produced in discovery would contain such "secret" information. Plaintiffs have failed to show good cause because they have failed to show why their privacy interests outweigh the strong public interest in having access to the proceedings in this case.

In support of their motion, Plaintiffs rely upon the case of *Baker v. Buffenbarger*, 2004 U.S. Dist. LEXIS 19083 (N.D. Ill. 2004). In *Baker*, the plaintiffs notified defendants of their intent to depose each of the individual defendants, and to videotape those depositions. Id. at *5. When Defendants inquired about the purpose of videotaping the depositions, plaintiffs' counsel expressly responded that "plaintiffs would send the videotapes to the media, or post the transcripts on the internet." *Id*. The court, in considering whether to enter a protective order recognized that public judicial proceedings are favored, because "in either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. However, because the plaintiffs had repeatedly noted that their intention in taking the videotaped depositions was expressly for the purpose of disseminating the information to the media, the court found that the request for protective order was reasonable.

The instant case is clearly distinguishable from the facts in *Baker*. First, it is worth noting that, in the instant case it is the <u>Plaintiffs</u> seeking a protective order, not the Defendants. The Plaintiffs, who are not strangers to litigation, chose to file the instant action knowing that litigation is a public forum and also knowing that the nature of The Secret as a wide-selling book and movie would attract the attention of the press. Now Plaintiffs seek intervention from the

5

Court to save them from the publicity which comes at a price of their own decision at the expense of the Court, the Defendants and the public.

Further, there is no showing, as there was in *Baker*, that the Defendants intend to engage in discovery in order to release such information to the press or for the purpose of embarrassing the Plaintiffs. Plaintiffs have attached six (6) exhibits to their brief which they contend demonstrates Defendants' intention to use discovery for purposes other than discovery. None of these exhibits make such a showing. On the contrary, the email correspondence cited by Plaintiffs was correspondence sent by Mr. Hollings to his colleagues regarding the ongoing dispute over six (6) months before the instant litigation was ever filed. Discovery in the case had not begun as the case itself had not begun. Therefore, the email cannot be said to manifest an attempt to misuse the discovery process. Further, within the March, 2007 email, Mr. Hollings expressly says that media has found its way to him and that he has not entertained any requests and that he is attempting to "steer clear" of tarnishing the larger intent of the picture. This email correspondence does not demonstrate a desire to misuse the discovery process.

Finally, there is substantial background surrounding the March 2007 email which is omitted from Plaintiffs' brief. The email was sent by Mr. Hollings in order to preserve his reputation and to inform his professional contacts and colleagues of the reason why he was no longer working on The Secret. Plaintiffs' inclusion of the email at this stage in this litigation is improper. It makes no showing of Mr. Hollings' intent to embarrass The Secret but, rather, his need to preserve his professional reputation and livelihood after being removed from his work on The Secret's website.

Plaintiffs have made baseless and defamatory statements regarding the contents of an article which ran in the New York Times. First and foremost, Plaintiffs cite to Arizona law governing mediation and claim that their settlement offer was made to Defendants at mediation. This contention is simply false. As Plaintiffs are aware, final settlement negotiations occurred many days <u>after</u> mediation had ended unsuccessfully. The content of settlement discussions do not belong before the Court. However, Plaintiffs' counsel has improperly accused Defense counsel of violating Arizona law regarding the confidentiality of mediation. To the extent that the Court believes that additional information regarding the timing of settlement offers would be helpful to determine the baseless nature of Plaintiffs' accusations, Counsel can provide further information.

In addition to the improper accusations regarding the confidentiality of mediation, Mr. Parker, in fact, did <u>not</u> reveal any confidential settlement information to the New York Times. (See Affidavit Chris Parker ¶ 5). Mr. Parker was contacted by a New York Times reporter while he was out of the office attending his daughter's tennis match. (See Affidavit of Chris Parker ¶ 6). During the conversation, Mr. Parker was asked about the mediation and any settlement offers. Mr. Parker advised him that a mediation had taken place prior to his involvement in the dispute, but <u>declined to give any information regarding the terms of any settlement offers</u> or disclose any potentially confidential information relating to the mediation proceedings. (See Affidavit of Chris Parker ¶ 6). In fact, Mr. Parker was not counsel for Defendants during the course of the mediation and, at the time of his conversation with the reporter, did not have knowledge regarding specific settlement offers made during the mediation. After being asked repeatedly about the amount of any settlement offers and demands, Mr. Parker simply stated that the amount in dispute was significant to Mr. Hollings and the offers made were not to his satisfaction, thus the failure of the dispute to be resolved (See Affidavit of Chris Parker ¶ 7).

Plaintiffs have also attached a print out of Mr. Hollings' website from April 30, 2008. The website points readers to the New York Times Article, which was already within the public domain, which had run two days prior. The website makes reference to the fact that Ms. Byrne's would take place, but makes absolutely <u>no threat</u> to disclose the testimony elicited in the deposition.

Finally, Plaintiffs have attached Exhibits G and H relating to an entirely separate litigation in which Mr. Hollings was a party. These documents are irrelevant and included within the motion simply to prejudice the Court against Mr. Hollings. Further, the contents of the exhibits, however, reveal that Mr. Hollings <u>did not reveal the terms of his settlement</u>. Rather, he recited his duty not to disclose the terms of the settlement and pointed the reader to a public article written by someone else. In fact, the article, attached as Exhibit H does not disclose the terms of the settlement either. If anything, Exhibits G and H show Mr. Hollings adhering to the confidentiality of the settlement, not breaching it.

Defendants' intent in ongoing discovery is not to share information with the press so as to embarrass the Plaintiffs but, rather, to defend themselves in the instant lawsuit brought by the Plaintiffs. However, it is imperative to note that some of the parties to this case, including Dan Hollings, are also parties to an ongoing litigation in California. The issues in the two cases are

separate and there are multiple parties in the California Litigation who are not parties to the instant case, and vice versa. However, if the Court enters the instant order, the parties would be unable to use <u>any</u> information produced in this litigation in the California litigation, resulting in the need to send duplicative discovery requests and take multiple depositions seeking identical information.  Further, to the extent that such information is needed for any other litigation down the road, or any other public, private or other use, Plaintiffs' proposed order would prohibit such use without good cause for such prevention.

Plaintiffs have failed to show good cause justifying the imposition of the broad and encompassing protective order attached to their motion.  Litigation is a public forum and Plaintiffs' chose to file the instant litigation.  There is no evidence that Defendants intend to abuse the discovery process to embarrass the Plaintiffs.  To the extent that the litigations surrounding The Secret attract the public's attention, it is due to the conduct and nature of The Secret's business, and not due to any threats or misconduct from Defendants.  In light of the favor for allowing public access to all phases of litigation and the lack of good cause shown, the Court should deny Plaintiffs' Motion for Protective Order.

### iv. **Plaintiffs have failed to meet the requirements of the Court's order.**

In addition to Plaintiffs failure to meet the Court's deadline, failure to limit the scope of the information subject to the proposed protective order and failure to show good cause, Plaintiffs have also failed to adhere to the requirements within the Court's May 19, 2008 order.

First, the Court specifically stated that a revised order should "explicitly state" that either a party "or an interested member of the public may challenge" the confidential designation. There is no such language included within the new proposed order.

Second, the Court ordered that the revised order must state that entire pleadings shall not be filed under seal.  There is no such language in the revised order.

Finally, the Court ordered that the prior order "must be modified to exclude any confidential material field with the Court".  Plaintiffs failed to make such a modification or provision within the revised order.

Plaintiffs have failed to meet the requirements of the Court's May 19, 2008 order.  As such, the Court should enter an order striking the proposed protective order and denying the instant motion.

**b. To the extent that the Court enters the proposed protective order, the Court should allow all information produced in discovery to be used in related litigations.**

As mentioned above, the current litigation is not the only litigation pending involving The Secret, these Defendants or involving Mr. Hollings. As shown by the New York Times Article, another vendor related to The Secret has brought an action against these Plaintiffs and others related to ownership of The Secret. Further, there is a case pending in the Central District of California between Mr. Hollings, Ms. Byrne and additional defendants. Plaintiffs have moved to prevent the dissemination or use of information gained in discovery except in the prosecution or defense of <u>this action</u>. To the extent that the Court orders the entrance of the proposed protective order, the Defendants request that the Court specifically exclude any language which would prevent information produced in discovery to be shared among litigants or used in any court proceeding or litigation involving any of the parties to this litigation.

III. CONCLUSION

Plaintiffs have failed to comply with the Courts order in multiple respects. Plaintiffs ignored the Court's deadline, failed to define confidential information or even limit the scope of the proposed order to confidential information. Plaintiffs have failed to show good cause why the instant order should be entered, especially in light of the strong public interest favoring access to all phases of this litigation. For each of the reasons discussed above, the Court should deny the instant motion. Finally, to the extent that the Court enters the proposed order, Defendants request that the Court limit its scope to allow the dissemination and usage of information gained through discovery amount litigants in any court proceeding involving any of the parties to this litigation.

Respectfully submitted this 1st day of July, 2008.

                                                _/s/ *Jessica C. Lawrence*_____
                                                Robert B. Groholski
                                                Illinois State Bar No. 6272317
                                                Schwartz Cooper Chartered
                                                180 North LaSalle Street
                                                Suite 2700
                                                Chicago, IL 60601
                                                -and-
                                                Christopher E. Parker *(admitted pro hac vice)*

        Georgia Bar No. 512152
        Jessica C. Lawrence *(admitted pro hac vice)*
        Georgia Bar No. 141275
        Mozley, Finlayson & Loggins LLP
        One Premier Plaza, Suite 900
        5605 Glenridge Drive
        Atlanta, Georgia   30342

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan and Loretta Hollings, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No. 07 C 6518<br><br>**CERTIFICATE OF SERVICE**<br><br>(Assigned to the Hon. Ronald A. Guzman) |

I hereby certify that on July 1, 2008 I electronically filed the aforementioned DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER using the clerk's ECF System, which system will automatically notify the following counsel of record in this case.

| | |
|---|---|
| Jessica E. DeMonte<br>jdemonte@ssd.com<br>Squire, Sanders & Dempsey, LLP<br>Three First National Plaza<br>70 W. Madison, Suite 2015<br>Chicago, IL 60602<br>Telephone: (312) 781-1123 | Brian A. Cabianca<br>bcabianca@ssd.com<br>Teresita T. Mercado<br>tmercado@ssd.com<br>Christopher I. Cedillo<br>ccedillo@ssd.com<br>Squire, Sanders & Dempsey LLP<br>Two Renaissance Square<br>40 North Central Avenue, Suite 2700<br>Phoenix, Arizona 85004-4498 |

Respectfully submitted,

__/s/ *Jessica C. Lawrence*_____
Jessica C. Lawrence
Georgia Bar No. 141275
Admitted Pro Hac Vice