IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan Hollings, an Arizona resident, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No. 07 C 6518<br><br>Hon. Ronald A. Guzman |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Plaintiffs TS Merchandising Ltd. and TS Production LLC respectfully submit this reply in support of their motion for a protective order. The reply is supported by the Declaration of Christopher I. Cedillo (attached hereto as Motion Exhibit I) and an additional Exhibit J.

**ARGUMENT**

**I.      The Proposed Order Is Not Intended to Create "Confidential Information."**

In their reply, defendants mischaracterize the nature of the proposed protective order (the "Proposed Order"). For example, the response makes much of the fact that the Proposed Order does not address questions relating to "confidential information." [Response, Sections II.a.ii, II.a.iv]. But plaintiffs do not seek in the Proposed Order to designate any information as "confidential." In fact, the Proposed Order does not even mention "confidential information."

Rather, plaintiffs simple seek with the Proposed Order to provide adequate protections so that discovery is used only for its intended purpose and not misused as threatened by defendants. The Federal Rules explicitly allow this Court to enter an appropriate order for this purpose, even

where there is no "confidential information" to be protected: "The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c).

The Proposed Order is especially appropriate in the present circumstance, where defendant Dan Hollings has exhibited a peculiar method of operation in dealing with professional disputes, namely, impetuously publicizing them as broadly as possible, over the Internet and through the press, in an attempt to embarrass and harass the other side to the dispute. The Proposed Order is narrowly tailored to address the potential for such abuse in this case by limiting the use of discovery materials to purposes directly related to the litigation of this case. It does not permit or require the parties to designate information as confidential, or to file documents under seal; instead, it simply requires that the parties not abuse the discovery process: "All [Documents] shall be used solely for the prosecution or defense of the claims in this action." [Exhibit A, Section 1]. This limitation is consistent with the Supreme Court's declaration that "[l]iberal discovery is provided for the *sole* purpose of assisting in the preparation and trial, or the settlement of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (emphasis added). *See also Jennings v. Peters*, 162 F.R.D. 120, 122 (N.D. Ill. 1995) (holding that information obtained during discovery may not be used for a purpose unrelated to settlement or trial preparation).

**II.    The Motion's Exhibits Show Hollings' Method of Operation and Good Cause.**

Defendants argue that the exhibits attached to the plaintiffs' motion do not create good cause for entering the proposed order. To the contrary, each of the exhibits demonstrates defendant Hollings' modus operandi to date: he creates an opportunity to publicly expose his opponents to ridicule and scorn, by publicly disseminating information, truthful and otherwise, in

a manner that he believes will gain him leverage in the litigation or cause his opponents maximum harm.

A prime example of this behavior, entirely ignored by the defendants' response, is Hollings' registration of the domain name <know-more-secrets.com>. The name itself – not even considering the content Hollings has posted at the <know-more-secrets.com> Web site – indicates Hollings' intent to disclose information about *The Secret* and its operations. More ominous, however, is the fact that he specifically altered his Web site just days before the deposition of Rhonda Byrne to suggest that the contents of her deposition should be made public: "[I]n my opinion, the more public the better." [*See* Exhibit F].

As for the affidavit of Hollings' counsel Christopher Parker claiming not to have given certain information to the New York Times, the New York Times article contradicts it. [*See* Exhibit D]. Furthermore, this affidavit is the first time Hollings has explicitly denied providing that information. Indeed, when first confronted with the allegation that his disclosure of confidential settlement information to the New York Times was wrongful, he declined to respond. [*See* Exhibit J]. Therefore, to plaintiffs' knowledge, Hollings' counsel had in fact used the press to publicize confidential settlement information. The assumption is a fair one given Hollings' own pattern of publicizing his disputes in an attempt to harass his opponents.

Defendants' suggest that good cause for the protective order is lacking because the exhibits do not demonstrate that they have actually misused discovery. But that is not the rule. Instead, the "good cause" requirement for the issuance of a protective order is satisfied where there is a "*healthy suspicion*" that a party intends to use discovery for purposes other than the prosecution or defense of the lawsuit. *Jennings v. Peters*, 162 F.R.D. at 122-23 (holding that a "healthy suspicion" that a party intends to use information obtained during discovery for

purposes other than preparing for trial establishes "good cause" and is – by itself – grounds for a protective order). Here, more than a "healthy suspicion" exists, as demonstrated by his registration of the <know-more-secrets.com> domain name, by the threatening content Hollings has posted on that Web site on multiple occasions, by the defendants' revelation of confidential settlement information to the press, and as demonstrated by each of the remaining exhibits attached to the motion.

### III. The Inappropriately Filed California Lawsuit Will Soon Be Transferred and Consolidated with this Action.

The defendants also argue that the Proposed Order would not allow them to use discovery materials from this case in a nearly identical case that defendant Hollings inappropriately filed against these plaintiffs (and related individuals and entities) in the Central District of California, despite knowing that this lawsuit involving identical claims was the first action filed.

As an initial matter, defendant Hollings should have never filed the nearly identical California lawsuit, as it mirrors the declaratory judgment claim the plaintiffs have asserted in this case. Indeed, the defendants in that case have filed a motion to transfer the C.D. Cal. case to the Northern District of Illinois, citing the first-to-file rule. That motion is pending, and the defendants expect that the case will be transferred to this district shortly.

In any event, the Proposed Order allows defendants in this case to seek modification of it if necessary, including, for example, if they need to use discovery in the C.D. Cal. case (in the unlikely event that the California case remains viable). [*See* Proposed Order, Section 2(2)]. In the meantime, the Court can still enter the Proposed Order without prejudicing defendants.

### IV. The Plaintiffs Tried to Secure the Defendants' Stipulation to an Amended Protective Order and Motion.

Finally, the defendants argue that the pending motion should be denied because the plaintiffs allegedly did not comply with a particular deadline in this Court's May 19, 2008 minute order striking the parties' previous stipulated protective order. That deadline, however, was for the "parties" to submit an amended motion. To date, however, the defendants have rejected the plaintiffs' subsequent attempts to secure their stipulation to an amended protective order and motion. Without the defendants' stipulation, the plaintiffs could not comply with the Court's order for the "parties" to submit an amended motion by a certain deadline. Furthermore, with each revised version plaintiffs prepared, Local Rule 37.2 required the plaintiffs to confer with opposing counsel in attempt to resolve any differences on this discovery dispute. Each attempt to confer took time. When it became clear that the defendants' were unreasonably withholding their stipulation to an amended protective order and motion, and that no subsequent revisions would satisfy the defendants' unreasonable demands, the plaintiffs were forced to file the instant motion. The timing of the motion was simply never within the plaintiffs' exclusive control.

## CONCLUSION

For all the foregoing reasons, this Court should issue the proposed protective order attached as Exhibit A to the plaintiffs' motion.

Dated: July 2, 2008

        Respectfully submitted,

        /s/ Christopher I. Cedillo
        Brian Cabianca
        Teresita T. Mercado
        Christopher I. Cedillo
        SQUIRE, SANDERS & DEMPSEY LLP
        40 N. Central Avenue, Suite 2700
        Phoenix, AZ  85004-4498
        -and-
        Jessica E. DeMonte
        SQUIRE SANDERS & DEMPSEY LLP
        Three First National Plaza
        70 W. Madison, Suite 2015
        Chicago, IL  60602
        *Attorneys for TS Merchanding Ltd and*
        *TS Production LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2008, I electronically transmitted the attached document to the Clerk's office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher E. Parker
Jessica B. Couch
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia   30342
-and-
Robert B. Groholski
Schwartz Cooper Chartered
180 North LaSalle Street
Suite 2700
Chicago, IL 60601

Attorneys for Defendants Dan and Loretta Hollings and Web Services, LLC

COPY of the foregoing and Notice of Electronic Filing
sent by FedEx on the 2nd day of July, 2008, to:

Carole Gainer
  Courtroom Deputy to
Honorable Ronald A. Guzman
United States District Court
Everett McKinley Dirksen Building
219 S. Dearborn Street, Room 1218
Chicago, IL 60604


By:  s/Rosalin Sanhadja