# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| TS Merchandising Ltd., a British Virgin Islands corporation, and TS Production LLC, a Hungarian limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Dan, Arizona residents, and Web Services, LLC, an Arizona limited liability company,<br><br>Defendants. | Case No.  07 C 6518<br><br>**MOTION TO COMPEL DEPOSITION OF RHONDA BYRNE AND MEMORANDUM OF LAW**<br><br>(Assigned to the Hon. Ronald A. Guzman) |

### DEFENDANTS DAN HOLLINGS AND WEB SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO TS MERCHANDISING LTD. AND TS PRODUCTION LLC'S COMPLAINT

Defendants, Dan Hollings and Web Services, LLC by and through its attorneys, Christopher E. Parker and Jessica C. Lawrence, of Mozley Finlayson & Loggins, LLP hereby file their Answer and Affirmative Defenses to TS Merchandising Ltd. and TS Production LLC's Complaint, stating as follows:

### THE PARTIES

1.     Plaintiff TS Merchandising Ltd ("TS Merchandising") is a British Virgin Islands corporation with its principal place of business in Chicago, IL.

**ANSWER:**     Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore deny the same.

2.     Plaintiff TS Production LLC ("TS Production") is a Hungarian limited liability corporation that does business in Illinois.

**ANSWER:**     Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore deny the same.

3.     Defendant Dan Hollings ("Hollings") is an Arizona resident.  At all times material hereto, Hollings, who is married to Loretta Hollings, was acting on behalf of their marital community.

**ANSWER:**     Defendants admit that Dan Hollings is an Arizona resident and that he is married to Loretta Hollings.  Defendants deny any and all remaining allegations pled in paragraph 3 of the complaint.

4.     Defendant Loretta Hollings is an Arizona resident and is a named defendant only to the extent that she has an interest in the marital community.

**ANSWER:**     Defendants admit that Loretta Hollings is an Arizona resident.  In further response, Loretta Hollings has been dismissed from the instant action by order of the court for lack of personal jurisdiction and is no longer a defendant herein.  Defendants deny any and all remaining allegations pled in paragraph 4 of the complaint.

5.     Defendant Web Services, LLC ("Web Services") is an Arizona limited liability company whose sole member is Hollings.

**ANSWER:**     Defendants admit the allegations contained in paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6.     TS Production holds the intellectual property rights for *The Secret*, which is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print.  TS Production has an operating subsidiary, Prime Time

US Inc. ("Prime Time") that conducts U.S.-based business operations relating to *The Secret* out of Chicago, Illinois and has employees located in Chicago, Illinois.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore deny the same.

7.    TS Merchandising operates The Secret website out of its principal place of business in Chicago, Illinois.  Hollings was engaged to perform website consulting services for *The Secret* website in or around September 2005 through February 2007.

**ANSWER:**    Defendants admit that Hollings was engaged by non-party Rhonda Byrne to develop, implement and oversee The Secret's website, internet marketing campaign and oversee internet activities including, without limitation, customer support, fulfillment and programming for The Secret's website. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7, and therefore deny the same.

8.    In the course of his 17-month engagement, Hollings continuously interacted and communicated with TS Merchandising and Prime Time employees located in Chicago, Illinois to discuss *The Secret* website and related issues.  For example, Hollings traveled to Chicago, Illinois in December 2006 to meet with TS Merchandising and Prime Time employees to discuss website operations.  Hollings also frequently participated in telephone and e-mail communication with TS Merchandising and Prime Time representatives located in Chicago, Illinois.

**ANSWER:**    Defendants admit that Hollings traveled to Chicago at the instructions of Defendantson one occasion in December 2006 to meet with TS Merchandising and Prime Time employees.  Defendants deny any and all remaining allegations in paragraph 8 of the complaint.

9.    Hollings also sent invoices for his work on *The Secret* website to TS Merchandising in Chicago, Illinois, and he received compensation from funds transferred from bank accounts located in Chicago, Illinois.

**ANSWER:**    Defendants admit that Hollings received compensation from funds transferred from bank accounts potentially located in Illinois.  Defendants deny any and all remaining allegations in paragraph 9 of the complaint.

10.    A substantial part of the acts and events giving rise to the claims set forth herein took place fully, or in substantial part, in Chicago, Illinois.

**ANSWER:**    Defendants deny the allegations in paragraph 10 of the complaint.

11.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Defendants deny the allegations in paragraph 11 of the complaint.

## GENERAL ALLEGATIONS

### *The Secret*

12.    *The Secret* is a film that has been viewed by millions around the world and has also been released as a book with more than seven million copies in print.  *The Secret* explains with simplicity the philosophy of the law that governs all lives and offers the knowledge of how to create a joyful life.

**ANSWER:**    Defendants admit that The Secret is a film that has been viewed by

millions around the world and has also been released as a book with more than seven million

copies in print.  Defendants deny any and all remaining allegations in paragraph 12 of the

complaint.

13.    TS Production holds the intellectual property rights to *The Secret* book and movie, including trademark rights and copyrights.  TS Production has invested extensively in promoting the marks for *The Secret* and protects its investment.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 13, and therefore deny the same.

14.    TS Production holds U.S. Copyright Registrations for *The Secret* original and extended edition films, book, audio CD and www.thesecret.tv website.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 14, and therefore deny the same.

4

15.    TS Production is the owner of U.S. Trademark Registration No. 3,312,874, Australian Trademark Registration No. 1067375, and International Trademark Registration No. 900573 for, and has common law rights in, the text mark for *The Secret*.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore deny the same.

16.    TS Production is also the owner of U.S. Trademark Application No. 79/032, Australian Trademark Registration No. 1079591, and International Trademark Registration No. 908662 for, and has common law rights in, the logo mark for *The Secret*.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore deny the same.

17.    TS Production also has trademark applications pending under the Madrid Protocol in Brazil, Argentina, Canada, Mexico, Israel, South Africa, and Taiwan, and has received Certificates of Registration under the Madrid Protocol for *The Secret* text mark and logo mark in China, the European Community, Norway, and Switzerland.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore deny the same.

**Dan Hollings' Engagement and Marketing Role with *The Secret*.**

18.    In or around September 2005, Hollings was engaged to perform website management services for *The Secret*.  TS Merchandising operates *The Secret* website and paid for Hollings' services.

**ANSWER:**    Defendants admit that Hollings was engaged by non-party Rhonda Byrne to develop, implement and oversee The Secret's website, internet marketing campaign and oversee internet activities including, without limitation, customer support, fulfillment and programming for The Secret's website.  Defendants deny any and all of the remaining allegations in paragraph 18 of the complaint.

19.    Prior to his engagement, Hollings had no previous knowledge of or involvement with the philosophy set forth in *The Secret*, called the Law of Attraction, and his knowledge of the philosophy and *The Secret* is based solely through his engagement by TS Merchandising.

**ANSWER:**    Defendants deny the allegations contained in paragraph 19 of the

Complaint.

20.    Before Hollings was even engaged, *The Secret's* marketing campaign strategy had already been created by a team of professionals.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 20, and therefore deny the same.

21.    Much of the tremendous success of *The Secret* resulted from appearances on national programs such as "Larry King Live" in November 2006, "The Ellen DeGeneres Show" in December 2006, and "The Oprah Winfrey Show" in February 2007.

**ANSWER:**    Defendants deny the allegations in paragraph 21 of the complaint.

22.    Hollings did not participate in any non-website-based marking for *The Secret*. His role was limited to a website project manager, retained to assist with website development and search engine optimization.

**ANSWER:**    Defendants deny the allegations in paragraph 22 of the complaint.

**Hollings Begins to Surreptitiously Profit From *The Secret*.**

***Hollings Receives Undisclosed Vendor Commissions Since March 2006.***

23.    As part of his engagement, Hollings was responsible for identifying vendor services relating to *The Secret* website and providing vendor recommendations to TS Merchandising.  In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty and due care that an agent owes to its principal.

**ANSWER:**    Defendants deny the allegations in paragraph 23 of the complaint.

24.    Upon information and belief, Hollings negotiated and received an undisclosed 5% side-commission from a vendor that he recommended to TS Merchandising.  Upon information and belief, this commission was a referral fee for procuring TS Merchandising as a customer for the vendor and is based on the amounts paid by TS Merchandising to the vendor.

**ANSWER:**    Defendants deny the allegations as pled in paragraph 24 of the complaint.

25.    Upon information and belief, Hollings has received at least $42,304.18 in undisclosed vendor payments from March to October 2006 and January to February 2007, and Hollings continues to receive side-payments from this vendor.

**ANSWER:**    Defendants deny the allegations as pled in paragraph 25 of the complaint.

26.     Hollings focus on himself at the expense of *The Secret* and his failure to disclose his side efforts related to *The Secret* is not in line with – and therefore working against – the philosophy of *The Secret*.

**ANSWER:**     Defendants deny the allegations in paragraph 26 of the complaint.

### Hollings Markets His Products As Affiliated With *The Secret.*

27.     Sometime in or around December 2006 – and after he had been pushing TS to enter into an agreement with Amazon.com to sell *The Secret* products online – Hollings independently released at least two CDs on Amazon.com that were titled "The Secret Symphony" and "Journey to The Secret: Stone, Strings & Udu." Hollings' products were immediately bundled, upon information and belief, at Hollings' request, with *The Secret* DVD.

**ANSWER:**     Defendants admit that Hollings released a CD on Amazon.com which was titled "The Secret Symphony". Defendants deny any and all of the remaining allegations in paragraph 27 of the complaint.

28.     Upon information and belief, Hollings also personally wrote a "review" for "The Secret Symphony," calling it the "Secret Combination-set." Based on the information to which he had access in the course of his engagement, Hollings was aware that the soundtrack from *The Secret* movie was not then being released.

**ANSWER:**     Defendants deny any and all of the allegations in paragraph 28 of the complaint.

29.     Hollings is experienced in Internet search optimization and has knowledge of search engine tagging methods to bring up his products in a search for *The Secret* on the Internet and, in particular, on Amazon.com.

**ANSWER:**     Defendants admit that Hollings is experienced in Internet search optimization and has knowledge of search engine tagging methods. Defendants deny any and all remaining allegations in paragraph 29 of the complaint.

30.     Although Hollings has agreed to change the titles of his CD products and to delete references to *The Secret* pertaining to the products, these and other references related to *The Secret* remain to this day and appear when conducting searches on the Internet.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 30

of the complaint.

31.    Upon information and belief, Hollings is still taking active steps to continue to create this confusion.

**ANSWER:**    Defendants deny the allegations in paragraph 31 of the complaint.

### Hollings Seeks to Capitalize on *The Secret* Trademarks.

32.    As part of his engagement, Hollings was responsible for registering, obtaining and monitoring domain names, URLs and/or website addresses related to *The Secret*.  In this capacity, Hollings owed TS Merchandising the fiduciary duties of loyalty and due care that an agent owes to its principal.

**ANSWER:**    Defendants admit that Hollings was responsible for registering, obtaining and monitoring domain names and/or website addresses related to The Secret. Defendants deny any and all of the remaining allegations in paragraph 32 of the complaint.

33.    Upon information and belief, Hollings began to collect such URLs, domain names and website addresses relating to *The Secret* for his own personal use, seeking to capitalize on the fame of *The Secret* trademarks and the goodwill associated therewith.  For example, Hollings registered the domain name know-more-secrets.com on or about March 4, 2007.

**ANSWER:**    Defendants admit that Hollings registered the domain name kmow-more-secrets.com on March 4, 2007.  Defendants deny any and all of the remaining allegations in paragraph 33 of the complaint.

34.    Upon information and belief Hollings owns, possesses and/or controls other websites relating to *The Secret*, either in his own name or that of his company, Web Services.

**ANSWER:**    Defendants deny the allegations in paragraph 34 of the complaint.

### Hollings Inflates His Role with The Secret.

35.    Sometime in February 2007, TS Merchandising and TS Production discovered that Hollings had affiliated himself with a Law of Attraction event, marketing himself as the "sole strategist" behind *The Secret*.

**ANSWER:**    Defendants deny that Hollings ever associated himself with any Law of Attraction event.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore deny the same.

36.    Hollings has marketed, and is continuing to market, himself throughout the Internet as:  the *"founder," "sole internet marketing strategist and web consultant," "marketing strategist and developer,"* and *"mastermind who planned and implemented the record shattering online marking campaign"* of *The Secret*.

**ANSWER:**    Defendants deny the allegations contained in paragraph 36 of the complaint.

37.    Hollings has also created a website with deceptively similarly marks as *The Secret* and provides a link to purchase *The Secret* on Amazon.com.  A true and correct printout of the home page of know-more-secrets.com is attached hereto as **Exhibit A**.

**ANSWER:**    Defendants admit that Hollings created the website know-more-secrets.com.  Defendants deny any and all of the remaining allegations in paragraph 37 of the complaint.

38.    Hollings' conduct has damaged *The Secret*, TS Merchandising, TS Production irreparably and in an amount to be determined at trial, but exceeding the jurisdictional minimum amount of this Court for diversity jurisdiction.

**ANSWER:**    Defendants deny any and all of the allegations in paragraph 38 of the complaint.

**Hollings Demands Further Compensation.**

39.    Hollings' engagement was terminated as of February 28, 2007.

**ANSWER:**    Defendants admit the allegations in paragraph 39 of the complaint.

40.    From October 2005 through February 2007, Hollings was paid $8,000 per month, as well as a $50,000 advance in October 2006, and a holiday bonus of $8,000, for a total of $194,000 for 17 months of service.

**ANSWER:**    Defendants admit that Hollings was paid $194,000.00.  Defendants deny any and all remaining allegations in paragraph 40 of the complaint.

41.    Since his termination, Hollings has demanded further compensation for his website management services, based on an alleged compensation agreement with TS Merchandising.

**ANSWER:**    Defendants admit that Hollings is due further compensation pursuant to

his agreement with nonparty Rhonda Byrne and her company Prime Time Productions. Defendants deny any and all remaining allegations in paragraph 41 of the complaint.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement
### (15 U.S.C. § 1114)

42.    TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 41 as if

fully set forth herein verbatim.

43.    TS Production owns International Trademark Registrations for *The Secret*.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 42, and therefore deny the same.

44.    Registration for such marks is incontestable in accordance with the provisions of 15 U.S.C. § 1065. It is conclusive proof of: (a) the validity of the marks; (b) TS Production's ownership of the marks; and (c) TS Productions exclusive right to use the marks throughout the United States.

**ANSWER:**    Defendants are without knowledge sufficient to form a belief as to the

truth or falsity of the allegations of paragraph 44, and therefore deny the same.

45.    Hollings and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, are likely to cause confusion, mistake or deception as to the source of the websites' services and/or affiliation with *The Secret*, and thereby constitute trademark infringement in violation of § 43 of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1114 *et seq*.

**ANSWER:**    Defendants deny any and all allegations contained in paragraph 45 of the

complaint.

46.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, for which there is no adequate remedy at law.

**ANSWER:**     Defendants deny any and all allegations contained in paragraph 46 of the complaint.

47.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Production and TS Merchandising have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Production and TS Merchandising are entitled to recover such damages in an amount to be determined at trial.

**ANSWER:**     Defendants deny any and all allegations contained in paragraph 47 of the complaint.

## SECOND CLAIM FOR RELIEF

**Unfair Competition, False Designation of Origin, False Advertising and Descriptions
(15 U.S.C. § 1125(a))**

48.     TS Production and TS Merchandising reallege and incorporate by reference the allegations above as if sully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1 through 42 as if fully set forth herein verbatim.

49.     Hollings' and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names, and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer for sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, constitute unfair competition, false designation of origin, false advertising, or misleading descriptions of fact that wrongly and falsely designate the services and/or products sold by Hollings as originating with, or as being sponsored by, approved of, or otherwise connected with *The Secret*, which deception has or will likely influence consumer purchasing decisions, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     Defendants deny any and all of the allegations in paragraph 49 of the complaint.

50.     The foresaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury

to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

**ANSWER:**     Defendants deny any and all of the allegations in paragraph 50 of the

complaint.

51.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in the amount to be determined at trial.

**ANSWER:**     Defendants deny any and all of the allegations in paragraph 51 of the

complaint.

## THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

52.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1 through 52 as if

fully set forth herein verbatim.

53.     Hollings' and, upon information and belief, Web Services' bad-faith operation and use of URLs, domain names, and website addresses such as www.know-more-secrets.com and postings on other Internet websites, such as Amazon.com, on which Hollings claims to be the sole marketing strategist for *The Secret*, and on which defendants' sell, offer to sale, advertise and distribute products or services under marks that are at a minimum confusingly similar to those of *The Secret*, constitute unfair competition under the common law of various states, including Illinois and Arizona.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 53

of the complaint.

54.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 54

of the complaint.

55.    In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TX Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

**ANSWER:**    Defendants deny any and all of the allegations contained in paragraph 54 of the complaint.

## FOURTH CLAIM FOR RELIEF

### Trademark Dilution
### (15 U.S.C. § 1125(c))

56.    TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**    Defendants incorporate their answers to paragraphs 1 through 55 as if fully set forth herein verbatim.

57.    Hollings and, upon information and belief, Web Services, by wrongfully using *The Secret's* family of trademarks in commerce, is tarnishing, blurring, diluting and disparaging *The Secret's* reputation, goodwill and trademarks in local, interstate and international commerce.

**ANSWER:**    Defendants deny any and all of the allegations contained in paragraph 57 of the complaint.

58.    Hollings' and, upon information and belief, Web Services' acts are likely to deprive TS Production of the benefits attached to *The Secret* family of trademarks, injure *The Secret's* business reputation and dilute the distinctive quality of *The Secret's* well known trademarks in violation of Section 43(c) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(c).

**ANSWER:**    Defendants deny any and all of the allegations contained in paragraph 58 of the complaint.

59.     The foresaid willful actions of Hollings and, upon information and belief, Web Services, have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, by diversion of sales and/or lessening of goodwill associated with *The Secret* products, for which there is no adequate remedy at law.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 59

of the complaint.

60.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Production has sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Production is entitled to recover such damages in an amount to be determined at trial.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 60

of the complaint.

## FIFTH CLAIM FOR RELIEF

### Violation of the Anticybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

61.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1 through 60 as if

fully set forth herein verbatim.

62.     Hollings' and, upon information and belief, Web Services' bad-faith registration of URLs, domain names, website addresses, which are at a minimum confusingly similar to *The Secret's* registered and common law trademarks, in addition to the unauthorized use of *The Secret's* family of trademarks on various websites owned, controlled, possessed and/or registered by defendants, constitute violations of the Anticybersquatting Consumer Protection Act.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 62

of the complaint.

63.     The aforesaid willful actions of Hollings and, upon information and belief, Web Services have caused and, unless enjoined, will continue to cause damage and irreparable injury to *The Secret*, for which there is no adequate remedy at law.

**ANSWER:**   Defendants deny any and all of the allegations contained in paragraph 63

of the complaint.

64.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising and TS Production have sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising and TS Production are entitled to recover such damages in an amount to be determined at trial.

**ANSWER:**   Defendants deny any and all of the allegations contained in paragraph 64

of the complaint.

## SIXTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

65.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**   Defendants incorporate their answers to paragraphs 1 through 64 as if

fully set forth herein verbatim.

66.     A fiduciary relationship existed between Hollings and TS Merchandising based on Hollings' status as a consultant for *The Secret* website, in which capacity he often acted as an agent for TS Merchandising.

**ANSWER:**   Defendants deny any and all of the allegations contained in paragraph 66

of the complaint.

67.     As a fiduciary, Hollings owes TS Merchandising a fiduciary duty of loyalty and fiduciary duty of care to act in the best interests of the company.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 67

of the complaint.

68.     Hollings breached his duties to TS Merchandising by, among other things, the acts described above, including, but not limited to, his negotiation and receipt of an undisclosed 5% commission from a vendor of TS Merchandising that was recommended by Hollings.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 68

of the complaint.

69.     The wrongful acts described above have proximately injured and impaired, and continue proximately injure and impair, TS Merchandising.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 69

of the complaint.

70.     As a direct and proximate result of Hollings' various breaches of his fiduciary duties, TS Merchandising sustained, and continues to sustain, immediate and irreparable harm and injury including, but not limited to, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity and/or expectancy.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 70

of the complaint.

71.     There is a substantial risk that Hollings will continue to irreparably injure TS Merchandising, for which TS Merchandising has no adequate remedy at law, unless he is enjoined therefrom.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 71

of the complaint.

72.     In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, TS Merchandising has sustained, and will continue to sustain, actual and/or consequential damages which exceed the jurisdictional minimum amount of the Court for diversity jurisdiction, and for which TS Merchandising is entitled to recover such damages in an amount to be determined at trial.

**ANSWER:**     Defendants deny any and all of the allegations contained in paragraph 72

of the complaint.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

73.     TS Merchandising and TS Production reallege and incorporate by reference the allegations above as if fully set forth herein.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1 through 72 as if

fully set forth herein verbatim.

74.     There exists a justiciable dispute concerning the rights and obligations of Hollings to further compensation from TS Merchandising for his work on *The Secret* website from October 2005 through February 2007.

**ANSWER:**     Defendants deny the allegations contained within paragraph 74 of the

complaint.

75.     In taking his positions and other actions, Hollings is interfering with the operations of *The Secret*.

**ANSWER:**     Defendants deny the allegations contained within paragraph 75 of the

complaint.

76.     Pursuant to Fed. R. Civ. P. 57, TS Merchandising seeks a declaration from this Court that:  (i) TS Merchandising fully and adequately compensated Hollings in the amount of $194,000 for the value of his services through February 2007; and (ii) Hollings is entitled to no further compensation based on any obligation, contractual or otherwise, for any and all services that he performed for *The Secret* during his engagement.

**ANSWER:**     Paragraph 76 is a prayer for relief and, as such, does not require admission

nor denial.  To the extent that paragraph 76 makes any allegations against Defendants, such

allegations are denied.

## AFFIRMATIVE DEFENSES

In the alternative, and without waiving any of the denials set forth above, Defendants

Hollings and WebServices assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to set-off against any damages awarded to Plaintiffs as a result of the claims set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these defendants.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this dispute.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were not proximately caused by any act, omission, or breach by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not indebted to Plaintiff for any amount, and Plaintiff is not entitled to recover any damages against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands and are barred from the requested relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of release, ratification, consent, estoppel, fraud, and/or laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for insufficient process and insufficient service of process.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrines of failure of consideration and fraud.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to join a party under Rule 19.

### DEMAND FOR TRIAL BY JURY

Defendants hereby demand a trial by jury of all issues.

WHEREFORE, Defendants Dan Hollings and WebServices respectfully request that this Court enter judgment in their favor and against Plaintiffs and award Defendants their costs and attorneys' fees pursuant to 810 ILCS 5/5-11(e) and grant Defendants such other and further relief as is just and equitable.

Respectfully submitted this 11th day of July, 2008.

__/ Jessica C. Lawrence_____
Robert B. Groholski
Illinois State Bar No. 6272317
Dykema Gossett PLLC
180 North LaSalle Street
Suite 2700
Chicago, IL 60601
-and-
Christopher E. Parker *(admitted pro hac vice)*
Georgia Bar No. 512152
Jessica C. Lawrence *(admitted pro hac vice)*
Georgia Bar No. 141275
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive

Atlanta, Georgia   30342

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

TS Merchandising Ltd., a British Virgin Islands
corporation, and TS Production LLC, a Hungarian
limited liability company,

Case No.  07 C 6518

**CERTIFICATE OF SERVICE**

                  Plaintiffs,

(Assigned to the Hon. Ronald A. Guzman)

    vs.

Dan and Loretta Hollings, Arizona residents, and
Web Services, LLC, an Arizona limited liability
company,

                  Defendants.

I hereby certify that on July 11, 2008 I electronically filed the aforementioned
DEFENDANTS DAN HOLLINGS AND WEB SERVICES, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO TS MERCHANDISING LTD. AND TS PRODUCTION
LLC'S Complaint using the clerk's ECF System, which system will automatically notify the
following counsel of record in this case.

Jessica E. DeMonte
    jdemonte@ssd.com
Squire, Sanders & Dempsey, LLP
Three First National Plaza
70 W. Madison, Suite 2015
Chicago, IL 60602
Telephone:  (312) 781-1123

Brian A. Cabianca
    bcabianca@ssd.com
Teresita T. Mercado
    tmercado@ssd.com
Christopher I. Cedillo
    ccedillo@ssd.com
Squire, Sanders & Dempsey LLP
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004-4498

Respectfully submitted this 11th day of July, 2008.

           ___/s  Jessica C. Lawrence_____
           Jessica C. Lawrence
           Georgia State Bar No. 141275
           Admitted Pro Hac Vice